Robert H. Marcereau (SBN 211534)
MARCEREAU & NAZIF
26000 Towne Centre Drive, Suite 230
Foothill Ranch, California 92610
Tel: (949) 531-6500
Fax: (949) 531-6501
E-mail: rmarcereau@mncalaw.com

ATTORNEYS FOR CREDITORS and PLAINTIFFS
Kelli Peters, Bill Peters and Sydnie Peters

FILED
APR 26 2016
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

## UNITED STATED BANKRUPTCY COURT
## CANTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re:

Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter

---

Kelli Peters, Bill Peters and Sydnie Peters,

Plaintiffs,

vs.

Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter,

Defendants.

Case No. 8:16-bk-10223-ES
Adversary Case No.:

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**

**[11 U.S.C. § 523(a)(6)]**

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), and 157(a).

1

COMPLAINT TO DETERMINE NONDISCHARGEBILITY OF DEBT


2.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (I), and (O).

3.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4.  At all times relevant, Creditors/Plaintiffs Kelli Peters, Bill Peters and Sydnie Peters (collectively, "Plaintiffs" were individuals residing in Orange County, California.

5.  Plaintiffs are informed and believes, and based thereon alleges, that Defendant Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter ("Defendant" or "Kent Easter") is the debtor in Bankruptcy Case No. 8:16-bk-10223-ES, and at all times relevant was an individual with a principal place of residence in Orange County, California.

## CASE BACKGROUND

6.  Beginning in or about early 2011, Kent Easter and his then wife, Jill Easter, conspired and plotted to have Kelli Peters arrested, criminally convicted and imprisoned for crimes associated with unlawful possession of narcotics and illegal drugs, child endangerment, and driving under the influence, among other things.

7.  On or about February 16, 2011, Kent Easter and Jill Easter conspired to and did plant Vicodin, Percocet, Marijuana, and a used Marijuana pipe in the back seat of Mrs. Peters' car.

8.  After the drugs were planted in Mrs. Peters' car, Kent Easter then called the Irvine police, falsely telling the police that he was a "concerned parent" who had witnessed Mrs. Peters driving erratically in the parking lot of the elementary school where Mrs. Peters worked as a volunteer. Mr. Easter falsely told the police that he had witnessed Mrs. Peters (a) driving erratically; (b) using drugs; (c) placing a large quantity of illegal drugs in the backseat of her car; and (d) entering the school where numerous children were present. In an attempt to cover his tracks, Mr. Easter gave the police a phony name, telephone number


and address, and spoke with a phony Indian accent.

9. The Irvine Police acted on Mr. Easter's false report and went to the school to investigate. When Irvine police officers arrived at the school, they found Mrs. Peters' car in the parking lot, looked through the window, and saw the bag of drugs behind the driver's seat, just as Mr. Easter had described in his phony police report. The police officers then entered the school, tracked down Mrs. Peters and, in front of children, parents, school administrators, volunteers and Mrs. Peters' twelve year old child, took Mrs. Peters into custody and escorted her outside the building.

10. When police first took Mrs. Peters into custody, Mrs. Peters was immediately distraught, believing that something terrible must have happened to her husband, and that the police were there to notify her of his death. After a few moments, however, Mrs. Peters learned that the police were in fact following up on a tip that she had been driving erratically around the elementary school parking lot, was on drugs, and had stashed a bag of drugs in the back of her car. Mrs. Peters was shocked at the accusation.

11. In a desperate effort to clear her name, Mrs. Peters consented to a search of her car, still hoping that this was all some sort of terrible misunderstanding. In front of the entire school, Mrs. Peters was escorted to her car by police. To Mrs. Peters' horror, when the police opened her car, they pulled out the bag of drugs and drug paraphernalia.

12. In front of a crowd of people, including the police, the entire school, parents, volunteers, passersbys and Mrs. Peters' twelve year old child, the police laid out the Vicodin, Percocet, Marijuana and Marijuana pipe on the hood of a nearby police car. Mrs. Peters was then forced to sit on the curb in the school parking lot like a criminal, next to the array of drugs and drug paraphernalia, for all to see. Mrs. Peters was detained at the school for over two hours while the police conducted their investigation. Distraught and afraid, Mrs. Peters was crying and shaking uncontrollably.

13. While Mrs. Peters was being detained by police, the school principal notified Mr. Peters that his wife had been taken into custody and that he needed to come down to the

school immediately. Fearing for his wife, Mr. Peters immediately left work and rushed over to the school, where he found his wife being held by police on suspicion of illegal drug use and drug possession. Mr. Peters was horrified.

14. Continuing their investigation of Mrs. Peters and pursuant to police protocol, the police then escorted Mrs. Peters and her family back to their home, where they conducted a search of the premises. While Mrs. Peters, her husband and their young daughter Sydnie watched in nervous shock, the police searched their home, including bedrooms, bathrooms, the garage and the patio. CSI later showed up at the Peters' home and took DNA samples of Mrs. Peters, Mr. Peters and their child with intrusive cheek swabs. CSI also conducted fingerprint analyses of the family and their car.

15. During her detention by police and the continued criminal investigation, Mrs. Peters was faced with the prospect of being convicted for felony drug possession, felony child endangerment, and driving under the influence, among other things—offenses which would not only cause her to lose her volunteer job and be disgraced in her community, but potentially send her to jail for years and rip her away from her child and husband. Bill Peters and Sydnie Peters were faced with possibility of losing their wife and mom.

16. The Peters' suffering did not end after the day on which Mrs. Peters was detained. Over the next year, the Irvine police continued to investigate the matter. For several months, the Peters remained fearful that someone was out to hurt or kill them, and that Mrs. Peters might still be arrested and convicted of crimes she did not commit. Mrs. Peters, Mr. Peters and their daughter felt helpless and terrified throughout the entire ordeal. Bill Peters became so distraught that he began to suffer panic attacks. Sydnie Peters was humiliated, became withdrawn, and was shunned by her classmates at school.

17. The entire Peters family suffered extreme emotional distress, anxiety and humiliation from the despicable and intentional acts by Kent Easter and Jill Easter.

/ / /

COMPLAINT TO DETERMINE NONDISCHARGEBILITY OF DEBT

## THE CRIMINAL TRIAL AND CONVICTIONS

18. After a lengthy and incredibly thorough investigation, the Irvine police were able to trace the call made by Kent Easter to a hotel lobby, where surveillance footage revealed his identity. The police also found DNA from both Mr. and Mrs. Easter on the drugs and Marijuana pipe that were planted in Mrs. Peters' car, and uncovered numerous text messages between Mr. and Mrs. Easter made during the middle of the night when the drugs were planted.

19. On or about June 16, 2012, the Irvine police arrested Kent and Jill Easter.

20. On October 30, 2013, Jill Easter pleaded guilty to felony false imprisonment through fraud and deceit pursuant to Penal Code § 236/237a for the drug-planting scheme against Kelli Peters.

21. On September 10, 2014, Kent Easter was found guilty of felony false imprisonment through fraud and deceit (Penal Code 236/237a) in Orange County Superior Court, Case No. 12ZF0153, for the drug-planting scheme against Kelli Peters.

## THE CIVIL TRIAL AND JUDGMENT

22. Plaintiffs sued Kent Easter and Jill Easter on August 3, 2012, in the Superior Court for the State of California, County of Orange, Case No. 30-2012-00588580-CU-PO-CJC, (the "State Court Action"), alleging causes of action for false imprisonment and intentional infliction of emotional distress regarding the above-stated facts. Plaintiffs sought both compensatory and punitive damages.

23. In light of their criminal convictions and the overwhelming evidence against them, on January 26, 2016, Kent Easter and Jill Easter stipulated that they intentionally and willfully tried to frame Kelli Peters for drug possession and made a false report to police, and stipulated to liability for the torts of False Imprisonment and Intentional Infliction of Emotional distress as to Kelli Peters, Bill Peters and Sydnie Peters. The Easters, however, disputed the amount of damages that should be awarded.

24. Kent and Jill Easter actively participated in all stages of discovery and trial in the

State Court Action, and all of the issues in the State Court Action were actually litigated fully and fairly. Kent and Jill Easter had an opportunity to, and did, testify and present their own evidence during the trial in the State Court Action.

25. On February 5, 2016, the Jury returned a Verdict in favor of Plaintiffs and against Kent Easter and Jill Easter. A true and correct copy of the Verdict is attached hereto as Exhibit "A" and incorporated herein as though set forth in full.

26. The jury awarded compensatory damages against Kent Easter and Jill Easter in favor of Plaintiffs. The jury also found, by clear and convincing evidence, that both Kent Easter and Jill Easter had acted with malice, oppression or fraud, and awarded punitive damages against these defendants.

27. On February 29, 2016, the State Court entered a "Judgment on Jury Verdict" (the "Judgment") in the State Court Action based on, among other things, the Jury's findings in the Verdict. A true and correct copy of the Judgment is attached as Exhibit "B" hereto. By this reference the Judgment is incorporated herein as though set forth in full.

28. The Judgment provides that Plaintiffs are entitled to recover from Kent Easter and Jill Easter, jointly and severally, the following principal amounts:

    a. Kelli Peters:    $800,000 for Intentional Infliction of Emotional Distress[1]

    b. Sydnie Peters:    $600,000 for Intentional Infliction of Emotional Distress

    c. Bill Peters:    $365,000 for Intentional Infliction of Emotional Distress

29. The Judgment also provides that Plaintiffs are entitled to recover punitive damages against Kent Easter in the amount of $1,500,000, and punitive damages against Jill Easter in the amount of $2,100,000.

30. The Judgment also provides that Plaintiffs are entitled to recover interest on the above sums at the rate of ten percent (10%) per annum, from the date of entry of the

---

[1] The jury awarded $365,000 to Kelli Peters for false imprisonment and $800,000 for intentional infliction of emotional distress. Since these amounts do not stack, the total amount of compensatory damages awarded to Kelli Peters is $800,000.

Judgment until paid.

## FIRST CAUSE OF ACTION

(11 U.S.C. § 523(a)(6)

31. Plaintiff incorporates herein by this reference paragraphs 1 through 30 of this Complaint as if set forth in full.

32. The debts due to Plaintiffs from Kent Easter are non-dischargeable under 11 U.S.C. § 523(a)(6) because the debts arose from willful and malicious injury by the debtor against Plaintiffs.

33. Based on all the evidence, as well as the stipulated facts, the Jury found that Kent Easter had intentionally harmed Plaintiffs, and also found by clear and convincing evidence that he had acted with malice, fraud or oppression.

34. The Jury's findings have been confirmed by the Judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against Kent Easter as follows:

1. Kent Easter's debts to Plaintiffs under the Judgment, plus interest, are nondischargeable;

2. Plaintiffs are awarded judgment against Kent Easter pursuant to the state court Judgment;

3. Plaintiffs are awarded interest under California law on the Judgment, at the rate of 10% per annum from the date of the Judgment until paid;

4. Plaintiffs are awarded their costs of suit and reasonable attorneys' fees according to proof; and

/ / /

/ / /

/ / /

5. For such other and further relief as is just and equitable under the circumstances of this case.

Dated: April 22, 2016

**MARCEREAU & NAZIF**

*/s/ Robert H. Marcereau*

Robert H. Marcereau
Attorney for Creditors Kelli Peters, Bill Peters and Sydnie Peters

# Exhibit A

MARCEREAU & NAZIF
Robert H. Marcereau (State Bar No. 211534)
Sy Nazif (State Bar No. 228949)
26000 Towne Centre Drive, Suite 230
Foothill Ranch, CA 92610
Telephone:   (949) 531-6500
Facsimile:    (949) 531-6501

Attorneys for Plaintiffs

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 05 2016

ALAN CARLSON, Clerk of the Court
BY K. CHUNG-MARQUEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| KELLI PETERS, et. al. | CASE NO. 30-2012-00588580-CU-PO-CJC |
| Plaintiff, | **VERDICT FORM** |
| vs. | Trial Date: February 1, 2016 |
| KENT W. EASTER ET. AL.; and DOES 1 to 100, inclusive, | Dept.:    C32 |
| Defendants. | |

1
**VERDICT FORM**

We the Jury answer the questions submitted to us as follows:

1. What are Kelli Peters' damages for False Imprisonment?

$ 365,000

2. What are Kelli Peters' damages for Intentional Infliction of Emotional Distress?

$ 800,000

3. What are Bill Peters' damages for Intentional Infliction of Emotional Distress?

$ 365,000

4. What are Sydnie Peters' damages for Intentional Infliction of Emotional Distress?

$ 600,000

5. Did Kent W. Easter engage in the conduct with malice, oppression, or fraud?

  X  Yes    _____ No

[If your answer to question 5 is yes, then answer question 6. If you answered no, move on to question 7.]

6. What amount of punitive damages, if any, do you award Plaintiffs jointly against Kent W. Easter?

$ 1.5 million

2
**VERDICT FORM**

7. Did Jill B. Easter (aka Ava Easter, aka Ava Bjork, aka Ava Everheart) engage in the conduct with malice, oppression, or fraud?

    __X__ Yes    _____ No

[If your answer to question 7 is yes, then answer question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.]

8. What amount of punitive damages, if any, do you award Plaintiffs jointly against Jill B. Easter (aka Ava Easter, aka Ava Bjork, aka Ava Everheart)?

$ _2.1 million_

Signed: ___C W  [signature]___
            Presiding Juror

Dated: ___2-5-16___

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

3
**VERDICT FORM**

# Exhibit B

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
02/22/2016 at 11:23:06 AM
Clerk of the Superior Court
By Enrique Velez, Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 29 2016

ALAN CARLSON, Clerk of the Court
BY K. CHUNG-MARQUEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

KELLI PETERS,

    Plaintiffs,

vs.

KENT W. EASTER,

    Defendants.

CASE NO. 30-2012-00588580-CU-PO-CJC

Assigned to: Judge Michael Brenner

~~AMENDED [PROPOSED]~~ JUDGMENT ON JURY VERDICT

Date Action Filed:   August 2, 2012
Trial Date:   February 2, 2016

    This action came on regularly for trial on February 2, 2016 in Department C-62 of the Orange County Superior Court, the Hon. Michael Brenner, Judge presiding; the defendants Kent W. Easter and Jill B. Easter, aka Ava Everheart, aka Ava Bjork, aka Ava Easter, appearing in pro per and plaintiffs Kelli Peters, Bill Peters, and Sydnie Peters (named as "JANE DOE") (collectively, "Plaintiffs") appearing by attorneys Robert H. Marcereau & Sy Nazif. The following facts were stipulated to in this case:

1

1. On February 16, 2011, Defendants Kent Easter and Jill Easter (A) planted illegal drugs and drug paraphernalia in Plaintiff Kelli Peters' car, including bags of Vicodin, Percocet and Marijuana and a used Marijuana pipe; and (B) made a false report to Irvine Police that they witnessed Kelli Peters driving erratically and hiding drugs in her car; which (C) resulted in the detention and investigation of Plaintiff Kelli Peters by police.

2. The actions of Kent and Jill Easter caused emotional distress to Plaintiffs Kelli Peters, her husband Bill Peters, and their daughter, Jane Doe.

3. On October 30, 2013, Defendant Jill B. Easter pleaded guilty to felony false imprisonment of Plaintiff Kelli Peters pursuant to Penal Code 236/237a in Orange County Superior Court, Case No. 12ZF0153.

4. On September 10, 2014, Defendant Kent W. Easter was convicted of felony false imprisonment of Plaintiff Kelli Peters pursuant to Penal Code 236/237a in Orange County Superior Court, Case No. 12ZF0153.

5. Defendants Kent Easter and Jill Easter are solely responsible for the wrongful acts against Plaintiffs, and no other persons assisted them or participated in these acts.

6. Based on the above, Defendants Kent W. Easter and Jill B. Easter, jointly and severally, stipulated to liability in this lawsuit as follows:

    a. Defendants stipulate to liability for the First Cause of Action in the First Amended Complaint, "Intentional Infliction of Emotional Distress" as to all Plaintiffs (Kelli Peters, Bill Peters, and their daughter Jane Doe);

    b. Defendants stipulate to liability as to the Third Cause of Action in the First Amended Complaint, "False Imprisonment," as to Plaintiff Kelli Peters.

A jury of twelve persons (plus two alternates) was regularly impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of the parties, the jury was duly instructed by the Court and the case was submitted to the jury. The jury deliberated and thereafter returned into court with its verdict as follows:

We the Jury answer the questions submitted to us as follows:

1. What are Kelli Peters' damages for False Imprisonment?

<u>$365,000</u>

2. What are Kelli Peters' damages for Intentional Infliction of Emotional Distress?

<u>$800,000</u>

3. What are Bill Peters' damages for Intentional Infliction of Emotional Distress?

<u>$365,000</u>

4. What are Sydnie Peters' damages for Intentional Infliction of Emotional Distress?

<u>$600,000</u>

5. Did Kent W. Easter engage in the conduct with malice, oppression, or fraud?

__X__ Yes        _____ No

[If your answer to question 5 is yes, then answer question 6. If you answered no, move to question 7.]

6. What amount of punitive damages, if any, do you award Plaintiffs jointly against Kent W. Easter?

<u>$1.5 million</u>

7. Did Jill B. Easter (aka Ava Easter, aka Ava Bjork, aka Ava Everheart) engage in the conduct with malice, oppression, or fraud?

    __X__ Yes      _____ No

[If your answer to question 7 is yes, then answer question 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form]

8. What amount of punitive damages, if any, do you award Plaintiffs jointly against Jill B. Easter (aka Ava Easter, aka Ava Bjork, aka Ava Everheart)?

                                          $2.1 million

Signed: _____/s/ CW Jameson_____
              Presiding Juror

Dated: _____2-5-16_____

After all verdict forms have been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs shall have and recover from defendants as follows:

Plaintiff Kelli Peters shall have and recover against Kent W. Easter and Jill B. Easter (aka Ava Easter, aka Ava Bjork, aka Ava Everheart), jointly and severally, the sum of $800,000.00.

Plaintiff Sydnie Peters (identified in this case as "JANE DOE"), shall have and recover against Kent W. Easter and Jill B. Easter (aka Ava Easter, aka Ava Bjork, aka Ava Everheart), jointly and severally, the sum of $600,000.00.

Plaintiff Bill Peters, shall have and recover against Kent W. Easter and Jill B. Easter (aka Ava Easter, aka Ava Bjork, aka Ava Everheart), jointly and severally, the sum of $365,000.00.

Case 8:16-ap-01114-ES    Doc 1    Filed 04/26/16    Entered 04/26/16 14:12:33    Desc
Main Document    Page 18 of 20

1 |     Plaintiffs Kelli Peters, Sydnie Peters (identified in this case as JANE DOE) and Bill Peters
2 | shall jointly have and recover against Kent W. Easter the total sum of $1,500,000.00 in punitive
3 | damages.
4 |     Plaintiffs Kelli Peters, Sydnie Peters (identified in this case as JANE DOE) and Bill Peters
5 | shall jointly have and recover against Jill B. Easter (aka Ava Easter, aka Ava Bjork, aka Ava
6 | Everheart) the total sum of $2,100,000.00 in punitive damages.
7 |     Plaintiffs shall have and recover interest on all of the above sums at the rate of ten percent
8 | (10%) per annum from the date of the entry of this judgment until paid.

Dated: FEBRUARY 29, 2016

_[signature]_
Judge of the Superior Court
MICHAEL BRENNER

---

5
**JUDGMENT ON JURY VERDICT**

## PROOF OF SERVICE

I, Nicole Lipowski declare as follows: I am a citizen of the United States, over 18 years of age and am not a party to the within action. My place of employment and business address is MARCEREAU & NAZIF, 26000 Towne Centre Drive, Ste. 230, Foothill Ranch, California, which is located in Orange County where the service took place.

On February 22, 2016, I served a copy of the following entitled document(s):

### AMENDED [PROPOSED] JUDGMENT ON JURY VERDICT
KELLI PETERS, et al vs. JILL B. EASTER, et al.; Case NO. 30-2012-00588580-CU-PO-CJC

on the following interested party(s) in said case:

Kent W. Easter, In Pro Per
153 Baywood Drive
Newport Beach, CA 92660
(949) 981-9447
kentweaster@gmail.com

Jill B. Easter, In Pro Per
P.O. Box 12402
Costa Mesa, CA 92627
(949) 451-0025
easterjb@gmail.com

[ ] **VIA FACSIMILE** I caused such document to be transmitted via facsimile to the addressee(s) from the facsimile machine of MARCEREAU & NAZIF whose fax number is (949) 531-6501. No error was reported by the machine and pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

[ X ] **VIA MAIL** I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Per that practice the within correspondence will be deposited with the U.S. Postal Service on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this affidavit.

[ ] **VIA OVERNIGHT DELIVERY (FEDERAL EXPRESS)** I caused the attached document(s) to be delivered via overnight delivery by depositing copies with the Federal Express service located at 1200 Quail Street, Newport Beach, California, 92660. The envelope was marked for overnight delivery, with the delivery charged to the sender's account.

[ ] **VIA PERSONAL SERVICE** I caused to be delivered by hand the attached documents to the persons named above.

[ X ] **VIA ELECTRONIC SERVICE** Based on Rules of Court or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons named above.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 22, 2016, at Foothill Ranch, California.

_Nicole Lipowski_

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26000 Towne Centre Drive, Suite 230, Foothill Ranch, California 92610

A true and correct copy of the foregoing document entitled (*specify*): **ADVERSARY PROCEEDING COVER SHEET; COMPLAINT TO DETERMINE NON DISCHARGEABILITY OF DEBT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **4/26/16**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ecf.alert+Kosmala@titlexi.com; notices@becket-lee.com; claims@recoverycorp.com; ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **4/26/16**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Kent Wycliffe Easter, 153 Baywood Dr., Newport Beach, CA 92660
Trustee: Weneta M Kosmala, 3 MacArthur Place, Suite 760, Santa Ana, CA 92707
Judge: Honorable Erithe A. Smith, United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Suite 5040 / Courtroom 5A, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/26/2016 | Nicole Lipowski | /s/ Nicole Lipowski |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      F 9013-3.1.PROOF.SERVICE