**ORIGINAL**

Kent W. Easter, In Pro Per
153 Baywood Drive
Newport Beach, CA 92660
kentweaster@gmail.com

Defendant

FILED
MAY 26 2016
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Kent Wycliffe Easter<br><br>———————————————<br><br>Kelli Peters, Bill Peters, Sydnie Peters,<br><br>Plaintiffs,<br>vs.<br>Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter,<br>Defendants. | Case No.: 8:16-bk-102223-ES<br>Adversary Case No.: 8:16-AP-01114<br><br>**ANSWER TO PLAINTFFS' COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT** |

Defendant Kent W. Easter ("Defendant") respectfully answers Plaintiffs' Complaint to Determine Nondischargeability of Debt and states as follows:

ANSWER TO PLAINTIFFS' COMPLAINT TO DETERMINE NONCHARGEABILITY

1. The allegations in paragraph 1 of the Complaint set forth a legal conclusion for which no response is required.

2. The allegations in paragraph 2 of the Complaint set forth a legal conclusion for which no response is required.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant lacks sufficient information to admit or deny the allegations of in paragraph 4 of the Complaint.

5. Admitted.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Admitted

9. Defendant lacks sufficient information to admit or deny the allegations of in paragraph 9 of the Complaint.

10. Defendant lacks sufficient information to admit or deny the allegations of in paragraph 10 of the Complaint.

11. Defendant lacks sufficient information to admit or deny the allegations of in paragraph 11 of the Complaint.

12. Defendant lacks sufficient information to admit or deny the allegations of in paragraph 12 of the Complaint.

13. Defendant lacks sufficient information to admit or deny the allegations of in paragraph 13 of the Complaint.

14. Defendant lacks sufficient information to admit or deny the allegations of in paragraph 14 of the Complaint.

15. Defendant lacks sufficient information to admit or deny the allegations of in paragraph 15 of the Complaint.

16. Defendant lacks sufficient information to admit or deny the allegations of in paragraph 16 of the Complaint.

17. Defendant lacks sufficient information to admit or deny the allegations of in paragraph 17 of the Complaint.

18. Defendant admits the allegations in the first sentence of paragraph 18 of the Complaint. Defendant denies the allegation in the second sentence of paragraph 18 of the Complaint that the Irvine police uncovered numerous text messages between Mr. and Mrs. Easter during the middle of the night and admits the remainder of the sentence.

19. Admitted.

20. Defendant denies the allegation in paragraph 20 of the Complaint that there was a drug-planting scheme shared by Mr. and Mrs. Easter and admits the remainder of the paragraph.

21. Defendant denies the allegation in paragraph 21 of the Complaint that there was a drug-planting scheme shared by Mr. and Mrs. Easter and admits the remainder of the paragraph.

22. Admitted

23. Defendant avers that the stipulation in the civil action speaks for itself and otherwise admits that Mr. and Mrs. Easter admitted liability to the causes of action and disputed the damages.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Defendant incorporates his responses to paragraphs 1 through 30 in response to the allegations in paragraph 31.

32. The allegations in paragraph 32 of the Complaint set forth a legal conclusion for which no response is required.

33. Admitted

34. Defendant avers that the Judgment is in error as a matter of law and excessive and has filed a motion for a partial JNOV and for a new trial set for hearing on June 2, 2016.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted because the Judgment in the Peters v. Easter civil action has not been fully and finally adjudicated.

### SECOND AFFIRMATIVE DEFENSE

This action is premature and not yet ripe for determination because the Judgment in the Peters v. Easter civil action has not been fully and finally adjudicated.

### THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses based upon further investigation or discovery.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court either stay this action until there has been a full and final adjudication of the Judgment or to enter judgment dismissing the Complaint and granting the Defendant such further relief as is just and appropriate.

Dated: May 26, 2016

_/s/ Kent W. Easter_
Kent W. Easter

# CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2016, I served a true and correct copy of Defendant's Answer to Complaint to Determine Non-Dischargeability of Debt by mail to:

*/s/ Steven W. Easter*
Steven W. Easter

4

ANSWER TO COMPLAINT TO DETERMINE NONDISCHARGEABITLIY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): __Answer to Plaintiffs'__
__Complaint__

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Robert Marcereau
  26000 Towne Centre Drive, Ste. 230
  Foothill Ranch, CA 92610
- Wenda Kosmela
  3 MacArthur Place, Suite 760
  Santa Ana, CA 92707

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __5/26/16__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Robert Marcereau
  26000 Towne Center Drive, Ste. 230
  Foothill Ranch, CA, Suite 760

- Weneka Kosmela
  3 MacArthur Pl, Suite 760
  Santa Ana, CA 92707

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/26/16 | Kent Essler | [signature] |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE