MARCEREAU & NAZIF
Robert H. Marcereau (SBN 211534)
Sy Nazif (SBN 228949)
26000 Towne Centre Drive, Suite 230
Foothill Ranch, CA 92610
Tel: (949) 531-6500
Fax: (949) 531-6501

ATTORNEYS FOR CREDITORS and PLAINTIFFS
Kelli Peters, Bill Peters and Sydnie Peters

UNITED STATED BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter | Case No. 8:16-bk-10223-ES<br>Adversary Case No.: 8:16-ap-01114-ES<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Kelli Peters, Bill Peters and Sydnie Peters,<br><br>Plaintiffs,<br><br>vs.<br><br>Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter,<br><br>Defendants. | [Notice of Motion and Motion; Memorandum of Points and Authorities; Declaration of Robert H. Marcereau; Request for Judicial Notice; and Notice of Related Cases filed concurrently]<br><br>Date: November 10, 2016<br>Time: 10:30 a.m.<br>Department: 5A |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE DEFENDANT, AND OTHER PARTIES-IN-INTEREST:**

Plaintiffs Kelli Peters, Bill Peters and Sydnie Peters. ("Plaintiff") submits the following statement of undisputed facts in support of their "Motion for Summary Judgment" in the above-captioned adversary proceeding:

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. On or about February 16, 2011, Kent Easter and Jill Easter conspired to and did plant Vicodin, Percocet, Marijuana, and a used Marijuana pipe in the back seat of Mrs. Peters' car. | • Declaration of Robert H. Marcereau ("Marcereau Declaration") at ¶¶4, 7, 8.<br>• Exhibit 3 ¶1.<br>• Exhibit 4 Trial Testimony of Kelli Peters [p.74:1-17].<br>• Exhibit 5 Trial Testimony of Officer Charles Shaver [p. 145:7-18]; Defendant Kent Easter [p. 184:4-6; 22-26; p.185:1-8; p. 191:11-16.] |
| 2. After the drugs were planted in Mrs. Peters' car, Kent Easter then called the Irvine police, falsely telling the police that he was a "concerned parent" who had witnessed Mrs. Peters driving erratically in the parking lot of the elementary school where Mrs. Peters worked as a volunteer. Mr. Easter falsely told the police that he had witnessed Mrs. Peters (a) driving erratically; (b) using drugs; (c) placing a large quantity of illegal drugs in the backseat of her car; and (d) entering the school where numerous children were present. In an attempt to cover | • *Id.* |

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| his tracks, Mr. Easter gave the police a phony name, telephone number and address, and spoke with a phony Indian accent. | |
| 3. The Irvine Police acted on Mr. Easter's false report and went to the school to investigate. When Irvine police officers arrived at the school, they found Mrs. Peters' car in the parking lot, looked through the window, and saw the bag of drugs behind the driver's seat, just as Mr. Easter had described in his phony police report. | • Marcereau Decl., ¶7, 8.<br>• Exhibit 3 ¶1.<br>• Exhibit 5 Trial Testimony of Officer Charles Shaver [p.145:7-18; p. 146:1-7]. |
| 4. The police officers then entered the school, tracked down Mrs. Peters and, in front of children, parents, school administrators, volunteers and Mrs. Peters' ten year old child, took Mrs. Peters into custody and escorted her outside the building. | • Marcereau Decl. at ¶ 10.<br>• Exhibit 4 Trial Testimony of Kelli Peters [p. 74:18-26; p. 75:1-26; p. 76:1-26; p. 77:1-7.<br>• Exhibit 5 Trial Testimony of Officer Charles Shaver [p. 152:22-26; p.153:1-5.] |
| 5. The police searched Mrs. Peters car, pulled out the drugs, and laid them on the hood of a nearby police car. Mrs. Peters was then forced to sit on | • Marcereau Decl. at ¶ 8.<br>• Exhibit 3 ¶¶ 1 and 4.<br>• Exhibit 4 Trial Testimony of Kelli Peters p.74:18-p.78:15. |

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| the curb in the school parking lot like a criminal, next to the array of drugs and drug paraphernalia, for all to see. Mrs. Peters was detained at the school for over two hours while the police conducted their investigation. Distraught and afraid, Mrs. Peters was crying and shaking uncontrollably. | • Exhibit 5 Trial Testimony of Officer Charles Shaver p.145:5-19; p.148:25-149:13; p.150:1-24; p.151:14-26 p.152:22-153:5.] |
| 6. Mrs. Peters' husband, Bill, was summoned by Police to the school, and was present during the investigation. | • Marcereau Decl. at ¶ 10.<br>• Exhibit 4 Trial Testimony of Kelli Peters [p. 77:16-78:13.] |
| 7. The police then escorted Mrs. Peters and her family back to their home, where they conducted a search of the premises. While Mrs. Peters, her husband and their young daughter Sydnie watched in nervous shock, the police searched their home, including bedrooms, bathrooms, the garage and the patio. CSI later showed up at the Peters' home and took DNA samples of Mrs. Peters, | • Marcereau Decl. at ¶ 10.<br>• Exhibit 4 Trial Testimony of Kelli Peters [p.79:24-80:7; p.80:16-81:18; p. 81:19-p.83:5.] |

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Mr. Peters and their child with intrusive cheek swabs. The Peters family were afraid and humiliated. | |
| 8. For several months, the Peters remained fearful that someone was out to hurt or kill them, and that Mrs. Peters might still be arrested and convicted of crimes she did not commit. Mrs. Peters was so upset that her hair began to fall out. Bill Peters became so distraught that he began to suffer panic attacks. Sydnie Peters was humiliated, became withdrawn, and was shunned by her classmates at school. Things became so bad that Sydnie ended up changing schools. | • Marcereau Decl. at ¶10<br>• Exhibit 4 - Trial Testimony of Kelli Peters [p. 83:20-p.84:15; p.85:9-26; p.86:6-10; p. 87:3-p.90:7; p.90:24-p.91:6; p.91:14-25.] |
| 9. On or about June 16, 2012, the Irvine police arrested Kent and Jill Easter. | • Marcereau Decl. at ¶ 9. |
| 10. On October 30, 2013, Jill Easter pleaded guilty to felony false imprisonment through fraud and deceit pursuant to Penal Code § | • Exhibit 3 ¶ 2. |

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 236/237a for the drug-planting scheme against Kelli Peters. | |
| 11. Kent Easter was a defendant the criminal trial regarding the drug planting scheme. He hired counsel to represent him in the trial, and attended the trial. | • Marcereau Decl. at ¶ 7.<br>• Exhibit 3 ¶3.<br>• Trial Testimony of Kent Easter Ex. 5 [p.194:26: p.195:2 |
| 12. On September 10, 2014, Kent Easter was found guilty of felony false imprisonment through fraud and deceit (Penal Code 236/237a) in Orange County Superior Court, Case No. 12ZF0153, for the drug-planting scheme against Kelli Peters. | • *Id.* |
| 13. Plaintiffs sued Kent Easter and Jill Easter on August 3, 2012, in the Superior Court for the State of California, County of Orange, Case No. 30-2012-00588580-CU-PO-CJC, (the "State Court Action"), alleging causes of action for false imprisonment and intentional infliction of emotional distress regarding the Easter's plot to frame Kelli Peters. Plaintiffs sought both | • Marcereau Decl. at ¶2 |

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| compensatory and punitive damages. | |
| 14. In light of their criminal convictions and the overwhelming evidence against them, on January 26, 2016, Kent Easter and Jill Easter stipulated that they intentionally and willfully tried to frame Kelli Peters for drug possession and made a false report to police, and stipulated to liability for the torts of False Imprisonment and Intentional Infliction of Emotional distress as to Kelli Peters, Bill Peters and Sydnie Peters. The Easters, however, disputed the amount of damages that should be awarded. | • Marcereau Decl. at ¶ 8; Exhibit 3. |
| 15. The parties' jury trial commenced on February 1, 2016 and concluded on February 5, 2016. Easter actively participated in all stages of discovery and trial in the State Court Action. Easter had an opportunity to, and did, testify and present his own evidence during the trial in the State Court Action. | • Marcereau Decl. at ¶ 3. |
| 16. During the trial, Kent Easter | • Exhibit 3 ¶4. |

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| admitted that he attempted to frame Kelli Peters for crimes she didn't commit, and that he intended to cause her harm. | • Exhibit 5 Trial Testimony of Kent Easter [p.191:11-16 and p.284:14-18.] |
| 17. At the conclusion of the trial, the jury awarded Kelli Peters $365,000 for false imprisonment, and $800,000 for intentional infliction of emotional distress. The jury awarded Sydnie Peters $600,000 for intentional infliction of emotional distress. The jury awarded Bill Peters $365,000 for Intentional Infliction of Emotional Distress. | • Marcereau Decl. at ¶ 5.<br>• Exhibit 1. |
| 18. The jury found that Kent Easter engaged in the conduct with malice, oppression or fraud. The jury awarded Plaintiffs $1.5 million in punitive damages against Kent Easter. | • *Id.* |
| 19. Judgment on the jury verdict was entered on February 29, 2016. Kelli Peters received a judgment of $800,000 against Kent Easter and Jill | • Marcereau Decl. at ¶ 6.<br>• Exhibit 2 |

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Easter, jointly and severally. Sydnie Peters received a judgment of $600,000 against Kent Easter and Jill Easter, jointly and severally. Bill Peters received a judgment of $365,000 against Kent Easter and Jill Easter, jointly and severally. | |
| 20. Plaintiffs jointly received a judgment of $1.5 million in punitive damages against Kent Easter. | • *Id.* |
| 21. The judgment states that Plaintiffs shall have and recover post-judgment interest of 10% per annum from the date of entry of the judgment until paid. | • *Id.* |

Dated: October 4, 2016

**MARCEREAU & NAZIF**

/s/ Robert H. Marcereau
Robert H. Marcereau
Attorneys for Plaintiffs

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26000 Towne Centre Drive, Suite 230, Foothill Ranch, California 92610

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/04/16**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/4/16**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Kent Wycliffe Easter, 153 Baywood Dr., Newport Beach, CA 92660
Trustee: Weneta M.A. Kosmala, P.O. Box 16279, Irvine, CA 92623,
Judge: Hon. Erithe A. Smith, U.S. Bankruptcy Court Central District, 411 W. Fourth St., Suite 5040 / Ctrm 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/04/16** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached pagl

declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/4/2016 | Nicole Lipowski | /s/ Nicole Lipowski |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |