MARCEREAU & NAZIF
Robert H. Marcereau (SBN 211534)
Sy Nazif (SBN 228949)
26000 Towne Centre Drive, Suite 230
Foothill Ranch, CA 92610
Tel: (949) 531-6500
Fax: (949) 531-6501

ATTORNEYS FOR CREDITORS and PLAINTIFFS
Kelli Peters, Bill Peters and Sydnie Peters

UNITED STATED BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA -- SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter<br><br>Kelli Peters, Bill Peters and Sydnie Peters,<br><br>Plaintiffs,<br><br>vs.<br><br>Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter,<br>Defendants. | Case No. 8:16-bk-10223-ES<br>Adversary Case No.: 8:16-ap-01114-ES<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>[Notice of Motion and Motion; Declaration of Robert H. Marcereau; Separate Statement of Undisputed Facts; Request for Judicial Notice filed concurrently] |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on November 10, 2004 at 10:30 a..m., or as soon thereafter as the matter may be heard, in Department 2 of the United States Bankruptcy Court, Central District of California, located at 411 W. Fourth Street, Santa Ana, California 92701 (the "Bankruptcy Court"), before the Honorable Erith A. Smith, United States Bankruptcy Judge, Plaintiffs Kelli Peters, Bill Peters and Sydnie Peters (collectively "Plaintiffs"), will and hereby do

move the Bankruptcy Court (this "Motion"), under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, for an Order granting summary judgment on Plaintiffs' "Complaint to Determine Nondischargeability of Debt" (the "Complaint") against Defendant Kent Easter ("Easter" or "Defendant").

Plaintiffs bring this Motion on the grounds that: (a) all of the facts and issues underlying the claims for relief alleged in the Complaint have been actually, fully, and fairly adjudicated to Judgment in Plaintiffs' favor in the Superior Court for the State of California, for Orange County, Case No. 30-2012-00588580 (the "State Court Action"); (b) the doctrine of collateral estoppel bars the re-litigation of these facts and issues; (c) there is no genuine issue as to any material fact regarding the nondischargeability of Defendant's debts to Plaintiffs; and (d) Plaintiffs are entitled to judgment as a matter of law.

The amounts set forth in the final Judgment constitute nondischargeable debts pursuant to 11 U.S.C. § 523(a)(6) for willful and malicious injury.

This Motion is based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, Declaration of Robert Marcereau, Separate Statement of Undisputed Facts, and Request for Judicial Notice, all pleadings, papers, documents, and records on file in Defendant's bankruptcy case and this adversary proceeding, and other and further evidence and arguments as may be properly presented to the Bankruptcy Court at or before the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Rule 9014-4(b) of the Local Bankruptcy Rules ("LBR"), any opposition or other response to this Motion must be served upon the undersigned, and the original and one copy of such papers with proof of service must be filed with the Clerk of the Bankruptcy Court, not later than fourteen (14) days after service of this Motion if personally served, or not later than seventeen (17) days after service of this Motion if served by mail.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Rule 9014-4(e) of the LBR, the failure of any party-in-interest to timely file opposition to this Motion may be deemed by the Bankruptcy Court to be consent to the granting of the relief requested by Plaintiffs and a waiver of oral argument by the opposing party.

**WHEREFORE**, Plaintiffs respectfully requests that the Bankruptcy Court:

1. Enter an Order granting this Motion and granting Plaintiffs' summary judgment in this adversary proceeding;

2. Enter Judgment in Plaintiffs' favor and against Defendant as follows:

    a. Defendant's debts to Plaintiffs in the amounts of $800,000 (Kelli Peters), $600,000 (Sydnie Peters), $365,000 (Bill Peters), and $1,500,000 in punitive damages (jointly to Plaintiffs), awarded by the State Court Judgment, are nondischargeable;

    b. Defendant's debt to Plaintiffs for post judgment interest as determined and awarded by the State Court, at the rate of 10% per annum from the date of the State Court Judgment until paid, is nondischargeable;

3. Enter an Order awarding Plaintiffs its costs and reasonable attorneys' fees in this adversary proceeding; and

4. Granting such other and further relief as is just and equitable under the circumstances of this case.

Dated: October 4, 2016                              **MARCEREAU & NAZIF**

/s/ Robert H. Marcereau
Robert H. Marcereau
Attorneys for Plaintiffs

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26000 Towne Centre Drive, Suite 230, Foothill Ranch, California 92610

A true and correct copy of the foregoing document entitled (*specify* **PLAINTIFF'S NOTICE OF MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/04/16**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/4/16**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Kent Wycliffe Easter, 153 Baywood Dr., Newport Beach, CA 92660
Trustee: Weneta M.A. Kosmala, P.O. Box 16279, Irvine, CA 92623,
Judge: Hon. Erithe A. Smith, U.S. Bankruptcy Court Central District, 411 W. Fourth St., Suite 5040 / Ctrm 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/04/16** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached pagl

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/4/2016 | Nicole Lipowski | /s/ Nicole Lipowski |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE

MARCEREAU & NAZIF
Robert H. Marcereau (SBN 211534)
Sy Nazif (SBN 228949)
26000 Towne Centre Drive, Suite 230
Foothill Ranch, CA 92610
Tel: (949) 531-6500
Fax: (949) 531-6501

ATTORNEYS FOR CREDITORS and PLAINTIFFS
Kelli Peters, Bill Peters and Sydnie Peters

UNITED STATED BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Kent Easter, dba Kent Easter Consulting, dba Law Offices of Kent Easter<br><br>————<br><br>Kelli Peters, Bill Peters and Sydnie Peters,<br><br>Plaintiffs,<br><br>vs.<br><br>Kent Easter, dba Kent Easter Consulting, dba Law Offices of Kent Easter,<br>Defendants. | Case No. 8:16-bk-10223-ES<br>Adversary Case No.: 8:16-ap-01114-ES<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>[Notice of Motion and Motion; Declaration of Robert H. Marcereau; Separate Statement of Undisputed Facts; Request for Judicial Notice filed concurrently]<br><br>Date: November 10, 2016<br>Time: 10:30 a.m.<br>Department: 5A |

1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs Kelli Peters, Bill Peters and Sydnie Peters ("Plaintiffs") move for summary judgment on their "Complaint to Determine Nondischargeability of Debt" (the "Complaint") against Defendant Kent Easter ("Easter" or "Defendant"). The debt in question is a $3.265M Superior Court judgment Plaintiffs obtained against Easter for False Imprisonment and Intentional Infliction of Emotional Distress. The judgment relates to Easter's attempt to frame Kelli Peters for crimes she didn't commit, which resulted in her being detained by police and investigated for months. Plaintiffs were terrified and humiliated by Defendant's actions. The Superior Court judgment against Easter constitutes "willful and malicious injury by the debtor to another," and is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

Easter already had his day in court and the Jury found him liable for false imprisonment and intentional infliction of emotional distress. The jury imposed punitive damages against Easter for these torts because he acted with malice, oppression, or fraud in committing his wrongful and unlawful acts against Plaintiffs. The "fresh start" opportunity provided by bankruptcy is limited to honest but unfortunate debtors. Debtors who incur liability for the willful and malicious injury of others neither honest nor unfortunate, and are not entitled to the benefit of the Bankruptcy Code's fresh start policy.

Plaintiffs bring the Motion on the grounds that: (1) all of the facts and issues underlying the claims for relief alleged in the Complaint have been actually, fully, and fairly adjudicated to Judgment in Plaintiffs' favor; (2) the doctrine of collateral estoppel bars the re-litigation of these facts and issues; (3) there is no genuine issue as to any material fact regarding the nondischargeability of Easter's debts to Plaintiffs; and (4) Plaintiffs are entitled to judgment as a matter of law.

## II. STATEMENT OF FACTS

### A. CASE BACKGROUND

On or about February 16, 2011, Kent Easter and Jill Easter conspired to and did plant Vicodin, Percocet, Marijuana, and a used Marijuana pipe in the back seat of Mrs. Peters' car. **[Plaintiffs' Separate Statement of Undisputed Facts ("PSSUF") ¶1.]**

After the drugs were planted in Mrs. Peters' car, Kent Easter then called the Irvine police, falsely telling the police that he was a "concerned parent" who had witnessed Mrs. Peters driving erratically in the parking lot of the elementary school where Mrs. Peters worked as a volunteer. **[PSSUF, ¶2.]** Mr. Easter falsely told the police that he had witnessed Mrs. Peters (a) driving erratically; (b) using drugs; (c) placing a large quantity of illegal drugs in the backseat of her car; and (d) entering the school where numerous children were present. *[Id.]* In an attempt to cover his tracks, Mr. Easter gave the police a phony name, telephone number and address, and spoke with a phony Indian accent. *[Id.]*

The Irvine Police acted on Mr. Easter's false report and went to the school to investigate. When Irvine police officers arrived at the school, they found Mrs. Peters' car in the parking lot, looked through the window, and saw the bag of drugs behind the driver's seat, just as Mr. Easter had described in his phony police report. **[PSSUF, ¶3.]** The police officers then entered the school, tracked down Mrs. Peters and, in front of children, parents, school administrators, volunteers and Mrs. Peters' twelve year old child, took Mrs. Peters into custody and escorted her outside the building. *[Id. ¶4]*

The police searched Mrs. Peters car, pulled out the drugs, and laid them on the hood of a nearby police car. Mrs. Peters was then forced to sit on the curb in the school parking lot like a criminal, next to the array of drugs and drug paraphernalia, for all to see. **[PSSUF ¶5.]** Mrs. Peters was detained at the school for over two hours while the police conducted their investigation. *[Id.]* Distraught and afraid, Mrs. Peters was crying and shaking uncontrollably. *[Id.]* Mrs. Peters' husband, Bill, was summoned by Police to the school, and was present during the investigation. *[Id., ¶6.]*

The police then escorted Mrs. Peters and her family back to their home, where they conducted a search of the premises. **[PSSUF, ¶7.]** While Mrs. Peters, her husband and their young daughter Sydnie watched in nervous shock, the police searched their home, including bedrooms, bathrooms, the garage and the patio. *[Id.]* CSI later showed up at the Peters' home and took DNA samples of Mrs. Peters, Mr. Peters and their child with intrusive cheek swabs. *[Id.]* The Peters family were afraid and humiliated. *[Id.]*

For several months, the Peters remained fearful that someone was out to hurt or kill them, and that Mrs. Peters might still be arrested and convicted of crimes she did not commit. **[PSSUF, ¶8.]** Mrs. Peters was so upset that her hair began to fall out. *[Id.]* Bill Peters became so distraught that he began to suffer panic attacks. *[Id.]* Sydnie Peters was humiliated, became withdrawn, and was shunned by her classmates at school. Things became so bad that Sydnie ended up changing schools. *[Id.]*

The entire Peters family suffered extreme emotional distress, anxiety and humiliation from the despicable and intentional acts by Kent Easter and his wife.

### B  THE CRIMINAL TRIAL AND CONVICTIONS

After a lengthy investigation, the Irvine police were able to trace the call made by Kent Easter to a hotel lobby, where surveillance footage revealed his identity. The police also found DNA from both Mr. and Mrs. Easter on the drugs and Marijuana pipe that were planted in Mrs. Peters' car, and uncovered numerous text messages between Mr. and Mrs. Easter made during the middle of the night when the drugs were planted.

On or about June 16, 2012, the Irvine police arrested Kent and Jill Easter. **[PSSUF ¶9.]** On October 30, 2013, Jill Easter pleaded guilty to felony false imprisonment through fraud and deceit pursuant to Penal Code § 236/237a for the drug-planting scheme against Kelli Peters. *[Id., ¶10.]* Kent Easter was a defendant in two criminal trials regarding the drug planting scheme. He hired counsel to represent him in both trials, and attended both trials. *[Id., ¶11.]* On September 10, 2014, Kent Easter was found guilty of felony false imprisonment through fraud and deceit (Penal Code 236/237a) in Orange County Superior

Court, Case No. 12ZF0153, for the drug-planting scheme against Kelli Peters. *[Id.,* ¶12.*]*

## C  THE CIVIL TRIAL AND JUDGMENT

Plaintiffs sued Kent Easter and Jill Easter on August 3, 2012, in the Superior Court for the State of California, County of Orange, Case No. 30-2012-00588580-CU-PO-CJC, (the "State Court Action"), alleging causes of action for false imprisonment and intentional infliction of emotional distress regarding the Easter's plot to frame Kelli Peters. Plaintiffs sought both compensatory and punitive damages. **[PSSUF, ¶13.]**

In light of their criminal convictions and the overwhelming evidence against them, on January 26, 2016, Kent Easter and Jill Easter stipulated that they intentionally and willfully tried to frame Kelli Peters for drug possession and made a false report to police, and stipulated to liability for the torts of False Imprisonment and Intentional Infliction of Emotional distress as to Kelli Peters, Bill Peters and Sydnie Peters. **[PSSUF, ¶14.]** The Easters, however, disputed the amount of damages that should be awarded. *[Id.]*[1]

The parties' jury trial commenced on February 1, 2016 and concluded on February 5, 2016. **[PSSUF, ¶15.]** Easter actively participated in all stages of discovery and trial in the State Court Action. *[Id.]* Easter had an opportunity to, and did, testify and present his own evidence during the trial in the State Court Action. *[Id.]* During the trial, Kent Easter admitted that he attempted to frame Kelli Peters for crimes she didn't commit, and that he intended to cause her harm. *[Id.,* ¶16.*]*

At the conclusion of the trial, the jury awarded Kelli Peters $365,000 for false imprisonment, and $800,000 for intentional infliction of emotional distress. **[PSSUF, ¶17.]** The jury awarded Sydnie Peters $600,000 for intentional infliction of emotional distress. *[Id.]* The jury awarded Bill Peters $365,000 for Intentional Infliction of Emotional Distress. *[Id.]* The jury found that Kent Easter engaged in the conduct with malice, oppression or

---

[1] Further, the Easters stipulated that any judgment obtained in the State Court Action was non-dischargeable in Bankruptcy. (Ex. 3, para 8.)

fraud. The jury awarded Plaintiffs $1.5 million in punitive damages against Kent Easter. [*Id.* ¶18.]

Judgment on the jury verdict was entered on February 29, 2016. **[PSSUF, 19.]** Kelli Peters received a judgment of $800,000 against Kent Easter and Jill Easter, jointly and severally. [*Id.*] Sydnie Peters received a judgment of $600,000 against Kent Easter and Jill Easter, jointly and severally. [*Id.*] Bill Peters received a judgment of $365,000 against Kent Easter and Jill Easter, jointly and severally. [*Id.*] Plaintiffs jointly received a judgment of $1.5 million in punitive damages against Kent Easter. [*Id.*, ¶20.] The judgment states that Plaintiffs shall have and recover post-judgment interest of 10% per annum from the date of entry of the judgment until paid. [*Id.*, ¶21.]

## III. ARGUMENT

### A. There Is No Genuine Issue of Any Material Fact Regarding the Nondischargeability of Easter's Debts to Plaintiffs, and Plaintiffs are Entitled to Judgment as a Matter of Law.

Summary judgment is appropriate when the pleadings and supplemental materials show that there are no genuine issues as to any material fact and the movant is entitled to judgment as a matter of law. (*See* Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c) ["The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law"].) "Preponderance of the evidence" is the proper standard of proof under section 523(a) of the Bankruptcy Code for determining nondischargeability of debts. (*See Grogan v. Garner*, 498 U.S. 279, 291 (1991).)

Kent Easter was criminally convicted for his attempts to frame Kelli Peters for crimes she did not commit. In the State Court Action, the jury found that Kent Easter intentionally harmed Plaintiffs, and that he did so with malice, oppression, or fraud so as to justify an award of punitive damages. The Jury awarded compensatory and punitive

6

damages in favor of Plaintiffs, and the State Court affirmed the Jury's findings and awards by entering the Judgment.

The factual and legal issues that were litigated and determined in Plaintiffs' favor in the criminal proceeding and the State Court Action support a judgment of nondischargeability under section 523(a)(6) of the Bankruptcy Code. (*Molina v. Seror*, 228 B.R. 248, 252 (B.A.P. 9th Cir 1998) ["The legal issue determined by a California court in granting an award of punitive damages ... is the same presented to a bankruptcy court in a nondischargeability action under § 523(a)(6), i.e. did the defendant intend to injure the other party? The doctrine of collateral estoppel precludes re-litigating that issue in bankruptcy court"].)

The facts underlying the criminal conviction and the civil judgment are the same facts upon which Plaintiffs' claims for nondischargeability are based. Moreover, the legal issues determined in the criminal case and State Court Action are the same issues presented in this adversary proceeding – that is, whether Easter intended to harm Plaintiffs, and did so with malice, oppression, or fraud. The juries in the criminal case and State Court Action determined all of these issues in Plaintiffs' favor. Thus, in this adversary proceeding, there are no genuine issues as to any material fact and Plaintiffs are entitled to a nondischargeability judgment as a matter of law.

### B. Collateral Estoppel Applies in This Nondischargeability Proceeding

The United States Supreme Court has held that the doctrine of collateral estoppel applies in nondischargeability proceedings. (*See Grogan*, 498 U.S. at 284 n.11 ["We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)"].) In determining the collateral estoppel effect of state court judgments, federal courts are required, as a matter of full faith and credit, to apply that state's collateral estoppel law. (*See Bugna*, 33 F.3d at 1057 [*citing* 28 U.S.C. § 1738; other citations omitted). Thus, the collateral estoppel effect of the criminal and state court judgment in this adversary proceeding is governed by California law. Under California law,

collateral estoppel bars relitigation when:

 (1) the issue decided in the prior action is identical to the issue presented in the second action;

 (2) there was a final judgment on the merits; and

 (3) the party against whom estoppel is asserted was a party . . . to the prior adjudication.

*Id. (citing Garrett v. San Francisco*, 818 F.2d 1515, 1520 (9th Cir. 1987)).

  These three criteria are met in this case. First, the issues of intentional infliction of emotional distress and punitive damages based on malice, oppression, or fraud, were actually, fully, and fairly litigated in the State Court Action as well as in Kent Easter's criminal case. Collateral estoppel applies because the issues decided in the State Court Action and the criminal case are identical to the issues presented in this adversary proceeding for nondischargeability of Easter's debts to Plaintiffs under section 523(a)(6) of the Bankruptcy Code.

  Second, the criminal conviction and the civil Judgment in Plaintiffs' favor are final judgments on the merits for purposes of this adversary proceeding, and are conclusive as between Plaintiffs and Easter. (*See Robi v. Five Platters, Inc.*, 838 F.2d 318, 326-27 (9th Cir. 1988) (citing Restatement (Second) of Judgments § 13 (1982)) ("A final judgment 'includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.'"); Cal. Code Civ. Proc. § 99 ("A judgment . . . in respect to the matter directly adjudged, is conclusive between the parties and their successors in interest . . . ."). Collateral estoppel applies because there is a final Judgment on the merits.

  Third, it cannot be disputed that Easter was a party to the criminal case and the State Court Action. Kent Easter actively participated in both trials, attending every single day of these trials and presented evidence and arguments. Collateral estoppel applies because Easter was a party to the prior adjudications.

### C. Kent Easter Inflicted Willful and Malicious Injuries on Plaintiffs, and Therefore, Their Damages for Intentional Infliction of Emotional Distress Are Nondischargeable Under Section 523(a)(6) of the Bankruptcy Code

Easter's debts to Plaintiffs resulting from his intentional infliction of emotional distress are nondischargeable under section 523(a)(6) of the Bankruptcy Code because a bankruptcy discharge does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." (11 U.S.C. § 523(a)(6); *see also Carillo v. Su (In Re Su)*, 290 F.3d 1140, 1142, 1147 (9th Cir. 2002) (citation omitted) (holding that willful injury requirement under 11 U.S.C. § 523(a)(6) is met when debtor has subjective motive to inflict injury or when debtor believes injury is substantially certain to result from his conduct; and maliciousness requirement is met by "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse").)

"'Willful' in this context means 'deliberate or intentional.'" (*Britton v. Price (In re Britton)*, 950 F.2d 602, 605 (9th Cir. 1991).) A creditor must show that the debtor acted intentionally. (*See Id.*) To prove malice, a creditor does not need show that the debtor specifically intended to injure the creditor, but must show that the debtor knew, or it was reasonably foreseeable, that the debtor's conduct would result in injury to the creditor. (*See Britton*, 950 F.2d at 605.)

Where punitive damages are awarded under California law, as they were in this case, the injury caused by the debtor is by definition willful and malicious. (*See Molina*, 228 B.R. at 252 (necessary findings for nondischargeability under section 523(a)(6) of the Bankruptcy Code are implicit in state court's award of punitive damages for fraud). As the *Molina* court observed, willfulness and malice are implicit in California's punitive damages statute. (*See Id.* at 251; Cal. Civ. Code § 3294 (regarding exemplary damages).[2]

---

[2]  Section 3294 of the California Civil Code authorizes punitive damages and provides:

There is absolutely no doubt that Kent Easter's conduct is nondischargeable pursuant to 523(a)(6). His admitted, intentional acts against the Peters family were despicable. He has already been criminally convicted and admitted to his actions during the civil trial.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and enter summary judgment in its favor, adjudicating that all of Easter's debts under the Final Judgment for intentional infliction of emotional distress, false imprisonment, punitive damages, and post judgment interest are nondischargeable under section 523(a)(6) of the Bankruptcy Code.

Finding these debts nondischargeable does not increase Easter's liability; it merely prevents him from escaping liability for existing obligations that already have been litigated. The "fresh start" opportunity provided by bankruptcy is limited to honest but unfortunate debtors, thereby excluding Kent Easter.

Dated: October 4, 2016                    **MARCEREAU & NAZIF**

/s/ Robert H. Marcereau
Robert H. Marcereau
Attorneys for Plaintiffs

---

(a) In an action for the breach of obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

\* \* \*

(c) As used in this section, the following definitions shall apply:
(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.
Cal. Civ. Code §3294.

10

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

26000 Towne Centre Drive, Suite 230, Foothill Ranch, California 92610

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/04/16**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/4/16**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor: Kent Wycliffe Easter, 153 Baywood Dr., Newport Beach, CA 92660
Trustee: Weneta M.A. Kosmala, P.O. Box 16279, Irvine, CA 92623,
Judge: Hon. Erithe A. Smith, U.S. Bankruptcy Court Central District, 411 W. Fourth St., Suite 5040 / Ctrm 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/04/16** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/4/2016 | Nicole Lipowski | /s/ Nicole Lipowski |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                       **F 9013-3.1.PROOF.SERVICE**