Robert P. Goe – State Bar No. 137019
Charity J. Miller – State Bar No. 286481
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
Telephone: (949) 798-2460
Facsimile: (949) 955-9437
rgoe@goeforlaw.com
cmiller@ goeforlaw.com

Attorneys for Defendant, Kent W. Easter

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>KENT W. EASTER,<br><br>　　　　　Debtor<br><br>KELLI C. PETERS, BILL PETERS, and SYDNIE PETERS,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>KENT W. EASTER,<br><br>　　　　　Defendant. | Case No.: 8:16-bk-10223-ES<br><br>Chapter 7 Proceeding<br><br>Adv. Case No. 8:16-ap-01114-ES<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[DECLARATION OF KENT W. EASTER, REQUEST FOR JUDICIAL NOTICE AND DEFENDANT'S (1) STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW, AND (2) SEPARATE STATEMENT OF DISPUTAED FACTS IN SUPPORT OF OPPOSITION FILED CONCURRENTLY HEREWITH]**<br><br>**Hearing**:<br>**Date**:　　　November 10, 2016<br>**Time**:　　　10:30 a.m.<br>**Ctrm**:　　　5A |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant Kent W. Easter ("Easter", "Debtor" or "Defendant") hereby submits this opposition to Plaintiffs' Motion for Summary Judgment or, Alternatively, for Summary Adjudication (the "Opposition" and the "Motion", respectively).  This is exclusively a Section 523(a)(6) action.

This Opposition is based upon the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice ("RJN"), Defendant's (1) Statement of Controverted Facts and Conclusions of Law in Support of Opposition and (2) Separate Statement of Disputed Facts, and the Declaration of Kent W. Easter ("Easter Dec.") in support thereof, the papers and records on file herein, and any oral and documentary evidence as may be presented as evidence at the hearing on this Motion.

Dated:  October 20, 2016  

Respectfully submitted,

**GOE & FORSYTHE, LLP**

/s/ Robert P. Goe
Robert P. Goe, Attorneys for Kent W. Easter

- 1 -

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs fail to meet their burden and cannot prevail on their Motion for a number of reasons, including but not limited to the following:

(1) The notice of the Motion was improper and untimely;

(2) Collateral estoppel does not apply to the Civil Judgment because it is on appeal and is therefore not a final judgment under California law;

(3) The criminal conviction of Debtor is not collateral estoppel as to nondischargeabilty of Debtor's debts to Plaintiffs because the elements of the charge underlying Debtor's criminal conviction did not include a specific intent to harm or adjudicate an amount of damages to the three Plaintiffs;

(4) Bill and Sydnie Peters were not victims of any crime and there is no evidence Debtor acted to cause "willful and malicious injury" to Bill and Sydnie Peters, whatsoever; and

(5) Plaintiffs' argument of the lack of issue of material fact is predicated on the submission of inadmissible hearsay.

Based on the unavailing evidence and argument provided by Plaintiffs and the evidence and legal authority provided in support of this Opposition, as more fully set forth below, Plaintiffs have failed to meet their burden as the moving parties and accordingly, summary judgment should be denied.

### II. FACTUAL HISTORY

Debtor does not dispute that he was tried and convicted on September 10, 2014, of false imprisonment of Kelli C. Peters, in violation of California Penal Code §§ 236/237 in Orange County Superior Court, Case. No. 12ZF0153. [See Declaration of Kent Easter ("Easter Dec.") ¶2.]

-- 2 --

Subsequently, on February 1, 2015, Debtor went to trial, in propia persona, in Orange County Superior Court, Case No. 30-2012-00588580 (the "State Court Action") on Plaintiff Kelli Peters' causes of action for false imprisonment and intentional infliction of emotional distress and Plaintiffs Bill and Sydnie Peters' claims of intentional infliction of emotional distress. [Easter Dec ¶ 3.] In order to streamline and expedite the trial, Debtor agreed to stipulate to liability and only dispute damages. [Easter Dec. ¶ 4 and Marcereau Dec. Ex. 3.] In negotiating the stipulation, however, Debtor expressed his unwillingness to stipulate to any intentional wrongdoing or conduct against Bill and Sydnie Peters on their only remaining cause of action for intentional infliction of emotional distress. [Easter Dec. ¶5 and Ex. A.] In discussing the terms of the stipulation in an email with Debtor, Plaintiffs' counsel responded that "recklessness" provided an alternative basis for establishing liability for intentional infliction of emotional distress and based on this exchange, Debtor ultimately agreed to the stipulation. [Easter Dec. ¶6 and Ex. A.]

On February 5, 2016, after the conclusion of the trial in the State Court Action, the jury awarded separate amounts of compensatory damages to Kelli Peters, Bill Peters and Sydnie Peters and awarded the Plaintiffs $1.5 million in punitive damages against Debtor, which are set forth in the Civil Judgment. [Plaintiffs' Request for Judicial Notice, Exs. 1 and 2.]

On August 12, 2016, Debtor filed a notice of appeal from the Civil Judgment, which appeal remains pending before the California Fourth District Court of Appeal, Case No. G054029. [Defendant's Request for Judicial Notice, Ex. 1. & Ex. 2]

**III.  ARGUMENT**

    **A.  <u>Plaintiffs' Notice of Motion Was Untimely and Improper</u>**

Plaintiffs noticed the Motion for the wrong date and the wrong courtroom, and they invoked the wrong authority in the Local Rules. Plaintiffs' notice incorrectly states that the motion will be heard on November 10, 2004 in Department 2 and erroneously directs the Debtor to a non-existent "LBR 9014-4(b)" for a deadline to oppose the motion of 14 days after service of the motion. In fact, LBR 7056-1 controls summary judgment motions and provides that an

-- 3 --

opposition is to be filed 21 days before the hearing. Plaintiffs then attempted to correct their error [Docket No. 21] by filing an amended notice stating that the hearing was to be on November 10, 2016 in Courtroom 5A.

While Debtor has assembled this opposition for timely filing, Debtor respectfully objects to Plaintiffs' notice because he has been prejudiced by having to file his opposition no later than 21 days before the hearing date, after having received the shortened and inaccurate notice, which cited a non-existent rule (LBR 9014-4) and instructed him incorrectly. Apparently, the Court deemed it appropriate in this case to shorten the period under LBR 7056-1 to allow Plaintiffs' to file their motion with only 37 days' notice [Docket No. 9], but the Court did not modify the deadline for Debtor to file his opposition to the Motion, however, Debtor is filing his opposition today out of an abundance of caution. Debtor has been deprived of the full allotment of time provided by LBR 7056-1 to research and write this opposition and its supporting papers, while being burdened with having to unravel Plaintiffs' confusing and erroneous notice of motion.

Accordingly, Debtor respectfully requests that the Court deny Plaintiffs' motion on the basis that it was improperly noticed.

### B. **Plaintiffs' Fail To Meet Their Burden For Establishing Nondischargeability Under 11 U.S.C. §523(a)(6).**

#### 1. **Legal Standards**

When a court considers a summary judgment motion, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby*, 477 U.S. at 247-48, 106 S.Ct. at 2509. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2552-53. Furthermore, where intent is at issue, summary judgment is seldom granted. *See Provenz v. Miller, 102 F.3d 1478, 1489 (9th Cir. 1996)*, *cert. denied*, 139 L. Ed. 2d 14, 118 S.Ct. 48 (1997). Additionally, as in this case, "[w]here the evidentiary matter in support

-- 4 --

of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Advisory Committee Notes accompanying the 1963 amendments to Civil Rule 56.

Plaintiffs are attempting to have this Court enter summary judgment that Debtor's debts to Plaintiffs are non-dischargeable under section 523(a)(6) of the Bankruptcy Code because the debts are purportedly "for willful and malicious injury by the debtor to another entity." (11 U.S.C. §523(a)(6)). This is "[a]n exacting requirement" that is not cavalierly met. *In re Plyam* 530 B.R. 456, 463 (9th Cir. B.A.P., 2015). A court must first inquire whether there is "willful" injury, which must entail a deliberate or intentional injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). In the Ninth Circuit, the intent required to satisfy the "willful" injury requirement is either the subjective intent of the actor to cause harm or the subjective knowledge of the actor that harm is substantially certain to occur. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1144-45 (9th Cir. 2002). The second step of inquiry for the Court is whether Debtor's conduct was "malicious." The required elements for the "malicious" prong of 523(a)(6) are: 1) a wrongful act; 2) done intentionally; 3) which necessarily causes injury; and 4) without just cause and excuse. *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1105- 1106 (9th Cir. 2005). Thus, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Geiger*, 523 U.S. at 64. Recklessness does not satisfy §523(a)(6) because conduct that is reckless merely requires an intent to act, rather than an intent to cause injury as required under *Geiger*. *In re Plyam,* 530 B.R. at 464 (9th Cir. B.A.P. 2015).

The evidence provided by Plaintiffs in support of the Motion does not support the conclusion that the debts to the Plaintiffs are nondischargeable. Indeed, the evidence provided by Plaintiffs fails to put before the Court the full factual record of the State Court Action and the criminal conviction, and a review of which requires denial of the Motion.

-- 5 --

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## 2. The Civil Judgment Cannot Provide A Basis For Issue Preclusion Against Debtor Because It Is On Appeal.

A bankruptcy court may rely on the issue preclusive effect of an existing state court judgment as the basis for granting summary judgment. *See Khaligh v. Hadaegh (In re Khaligh),* 338 B.R. 817, 831-32 (9th Cir. BAP 2006). In so doing, however, the court must apply the forum state's law of issue preclusion. *Harmon v. Kobrin (In re Harmon),* 250 F.3d 1240, 1245 (9th Cir.2001); *see also* 28 U.S.C. § 1738 (federal courts must give "full faith and credit" to state court judgments). In the Motion, Plaintiffs cite the incorrect standard for collateral estoppel[1]. Under California law, the application of collateral estoppel requires the party invoking the doctrine to establish that: (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding is final and on the merits; and (5) the party against whom preclusion is sought was the same as, or in privity with, the party to the former proceeding. *In re Plyam* 530 B.R. 456, 462 (9th Cir. B.A.P., 2015) (citing Lucido v. Super. Ct.*,* 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990)).

Among other fatal flaws in the Plaintiffs' request that this Court afford preclusive effect to the Civil Judgment is that it is not "final" because it is on appeal. *Sandoval v. Superior Court* (1983) 140 Cal.App.3d 932, 936; California Code of Civil Procedure §1049 ("An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.") Plaintiffs' Motion fails to disclose to the Court that the Civil Judgment is not final and cites no California authority allowing the application of a judgment on appeal to preclude relitigating an issue in another proceeding. *Cf. Robi v. Five Platters, Inc.*, 838 F.2d 318, 326-27 (9th Cir. 1988) (none of the three judgments being given issue preclusive effect were appealed).

---

[1] *See* Motion, 7:28-8:7, citing only three of the required factors.

-- 6 --

Furthermore, Plaintiffs gloss over (and do not even cite) all of the requisite elements for issue preclusion under California law, including but not limited to the identity of issues and whether each issue was actually litigated. However, the Court need look no further than the fact that the Civil Judgment is not final to deny the request for summary judgment based on the Civil Judgment.

As the Civil Judgment is on appeal, it cannot be given preclusive effect and cannot be used to meet Plaintiffs' burden for their summary judgment motion.

### 3. The Punitive Damages Award Is Insufficient As A Matter Of Law To Form A Basis For A Finding Of Nondischargeabilitiy.

Even if the Civil Judgment was final, and it is not, the award of punitive damages based on "malice, oppression, or fraud" under California law can never be a basis for collateral estoppel on the issue of §523(a)(6) willfulness. As the Ninth Circuit Bankruptcy Appellate Panel discussed in great detail in *In re Plyam* 530 B.R. 456 (9th Cir. B.A.P., 2015), the meanings of "malice," "oppression," and "fraud" under California law include both intentional and reckless conduct, and reckless conduct does not satisfy §523(a)(6). *Id*. at 465-70. Therefore, a punitive damages award in the disjunctive – an award based on "malice, oppression, or fraud" – "prevent[s] the use of issue preclusion as to § 523(a)(6) willfulness." *Id*. at 470. Only intentional malice and fraud require an intent to injure under California law, and the jury's award in the State Court Action does not specify on which of the three bases punitives were awarded.

Furthermore, the punitive damages award did not identify whether all three Plaintiffs or just one of the Plaintiffs was entitled to punitive damages. The verdict form presented to the jury simply asked the jury what amount of punitive damages, if any "do you award Plaintiffs jointly against Kent W. Easter." Marcereau Decl., Ex. 1. There are no separate findings that the jury determine one, two or three of the Plaintiffs were entitled to punitives or for how much. Based on this record, it is likewise impossible to summarily adjudicate that each Plaintiff has a nondischargeable judgment for punitive damages.

-- 7 --

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Therefore, the punitive damages award can never form a basis for the application of collateral estoppel to the Civil Judgment.

### 4. **Debtor's Criminal Conviction Does Not Meet the Requirements for a Finding of Nondischargeability of Debt Based upon Issue Preclusion.**

In addition to the State Court Action, Plaintiffs' argue that Debtor's criminal conviction presented identical issues as to nondischargeability.  However, Plaintiffs have failed to present evidence about the specific issues litigated in the criminal trial to establish that they were identical to the issues necessary to establish nondischargeability under Section 523(a)(6).  Nor have Plaintiffs cited any authority that a criminal conviction can establish the necessary finding of "willful and malicious injury" for a separate civil damages judgment.

In nondischargeability actions, the party asserting issue preclusion bears the burden of proof as to all elements and must introduce a sufficient record to reveal the controlling facts and ***the exact issues litigated***.  <u>In re Kirkland</u>, (9th Cir. BAP 2008) 2008 Bankr. LEXIS 4704, 2008 WL 8444824, at *7 (*citing* <u>Kelly v. Okoye (In re Kelly)</u>, 182 B.R. 255, 258 (9th Cir. BAP 1995) aff'd, 100 F.3d 110 (9th Cir.1996)) (emphasis added). This means providing "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." <u>In re Kelly</u>, 182 B.R. at 258.  Ultimately, "[a]ny reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the [issue preclusive] effect." <u>Id</u>.

First, and most importantly, Plaintiffs have failed to provide any evidence that the criminal conviction followed litigating any issues of Debtor's conduct towards Plaintiffs Bill or Sydnie Peters.  All Plaintiffs have done is to present the declaration of their counsel and a stipulation between the parties in the State Court Action that Debtor "was convicted of felony false imprisonment of Kelli Peters pursuant to Penal Code 236/237".  The record is completely silent as to Bill and Sydnie Peters, since Bill and Sydnie Peters were not the victims of any crime. <u>See</u> Marcereau Decl., Exhibit 3, ¶ 3.

-- 8 --

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Second, Plaintiffs' Motion does not present any evidence that this conviction actually litigated that there was a "willful and malicious injury" by the Debtor to Kelli Peters. Even though Debtor was convicted of felony false imprisonment of Kelli Peters, Plaintiffs' Motion is silent as to the requisite elements of that offense, likely because the offense itself does not satisfy the requirements of 523(a)(6) for nondischargeability. False imprisonment is simply "the unlawful violation of the personal liberty of another." Penal Code § 236. "False imprisonment is a misdemeanor unless it is 'effected by violence, menace, fraud, or deceit,' in which case it is a felony." _People v. Wardell_ (2008) 162 Cal.App.4th 1484, 1490, quoting § 237.) However, "false imprisonment, whether misdemeanor or felony, is a general intent crime …." _People v. Olivencia_ (1988) 204 Cal.App.3d 1391, 1397; see also Debtor's Request for Judicial Notice, Ex. 3 ("The following crime[s] require[s] general criminal intent: felony false imprisonment, the charged offense; and the lesser offense of misdemeanor false imprisonment. . . . A person acts with wrongful intent when he or she intentionally does a prohibited act however it is not required that he or she intend to break the law.") Moreover, Debtor's counsel objected and proposed a jury instruction seeking a finding of specific intent and it was refused. _See_ Debtor's Request for Judicial Notice, Ex. 4. Thus, while the criminal case may have litigated and established that Debtor intended the acts that resulted in Kelli Peters' false imprisonment, Debtor's conviction is not sufficient to establish that Debtor caused "willful and malicious injury" to Kelli Peters.

Furthermore, Plaintiffs' provide no evidence that the criminal case litigated any amount of damages for Kelli Peters. And in fact, the criminal conviction resulted in no finding of compensatory damages owed to Kelli Peters, only a restitution order for approximately $36,000, which is a far cry from the multi-million dollar debt Plaintiffs are now attempting to find nondischargeable. Plaintiffs cannot bootstrap the criminal conviction into a full and final litigation of the Civil Judgment, and they cite no authority suggesting otherwise.

In sum, the fact that Debtor was convicted of felony false imprisonment of Kelli Peters is not sufficient to establish a "willful and malicious injury" to Kelli Peters based upon collateral estoppel, let alone liability to Bill and Sydnie Peters.

-- 9 --

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### 5. There Is No Evidence From Either the State Court Action or Criminal Case To Establish That Defendant Possessed Any Subjective Intent To Injure Bill Or Sydnie Peters.

Even if the Civil Judgment that is still on appeal could be found to be nondischargeable, there is no evidence that the awards in favor of Bill or Sydnie Peters' were the result of any "willful" injury by Debtor. The criminal case only involved Kelli Peters as a victim. Debtor disputes that he intentionally directed any actions whatsoever towards Bill or Sydnie Peters, and accordingly Debtor refused to enter into the parties' stipulation admitting to liability to them whatsoever until Plaintiffs' counsel represented that recklessness, not intentional conduct, was sufficient to establish liability[2].

The only evidence Plaintiffs attempt to present about Bill and Sydnie Peters, other than the non-final Civil Judgment, is Kelli Peters' inadmissible hearsay about their injuries, and even considering that, the record is devoid of any evidence that Debtor specifically intended any of those injuries to occur. As a result, Plaintiff Bill and Sydnie Peters' motion for summary judgment as to nondischargeability fails regardless of the outcome of the appeal.

## IV. CONCLUSION

Based on the foregoing, including but not limited to the failure of Plaintiffs to put a sufficient evidentiary record before this Court to establish was litigated in the previous actions, deliberate nondisclosure of the pendency of the appeal from the Civil Judgment, failure to submit admissible evidence for summary judgment based on the alleged absence of issue of material fact, failure to cite applicable and necessary legal standards to carry their burden on the Motion, and improper and insufficient notice of the Motion, the Motion must be denied.

Dated: October 20, 2016            Respectfully submitted,

                                   **GOE & FORSYTHE, LLP**

                                   /s/ Robert P. Goe
                                   Robert P. Goe, Attorneys for Kent Easter

---

[2] See *Cervantez v. J.C. Penney Co.* (1979) 24 C.3d 579, 593 (setting forth elements for intentional infliction of emotion distress, including conduct done recklessly).

-- 10 --

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 20, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Weneta M Kosmala (TR)**    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
- **Robert H Marcereau**    , nlipowski@mncalaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**: On (*date*) October 20, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Kent W Easter
153 Baywood Dr
Newport Beach, CA 92660

☐    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 20, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Erithe A. Smith, USBC, 411 West Fourth Street, Santa Ana, CA 92701

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 20, 2016 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

-- 11 --

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT