Robert P. Goe – State Bar No. 137019
Charity J. Miller – State Bar No. 286481
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
Telephone: (949) 798-2460
Facsimile: (949) 955-9437
rgoe@goeforlaw.com
cmiller@ goeforlaw.com

Attorneys for Defendant, Kent Easter

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>KENT W. EASTER,<br><br>　　　　　Debtor<br><br>―――――――――――<br><br>KELLI C. PETERS, BILL PETERS, and SYDNIE PETERS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KENT W. EASTER,<br><br>　　　　　Defendant. | Case No.: 8:16-bk-10223-ES<br><br>Chapter 7 Proceeding<br><br>Adv. Case No. 8:16-ap-01114-ES<br><br>**DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS**<br><br>**Hearing**:<br>**Date**:　　November 10, 2016<br>**Time**:　　10:30 a.m.<br>**Ctrm**:　　5A |

Defendant Kent W. Easter an individual ("Easter", "Debtor" and/or "Defendant") hereby submits this Response to Plaintiffs' Statement of Undisputed Facts in support of his Opposition to Plaintiffs' Motion for Summary Judgment (2) Separate Statement of Disputed Facts ("SSF").

Any terms not otherwise defined herein have the same meanings as they do in the Opposition.

## STATEMENT OF CONTROVERTED FACTS

| Plaintiffs' Alleged Undisputed Facts | Supporting Evidence | Genuine Issues/ Defendants' Response and Supporting Evidence |
|---|---|---|
| 1. On or about February 16, 2011, Kent Easter and Jill Easter conspired to and did plant Vicodin, Percocet, Marijuana, and a used Marijuana pipe in the back seat of Mrs. Peters' car. | Declaration of Robert H. Marcereau<br>Exhibit 3<br>Exhibit 4<br>Exhibit 5 | Disputed that Kent Easter intended to cause injury to Bill or Sydney Peters and disputed to the extent this contention cites and relies upon inadmissible hearsay. |
| 2. After the drugs were planted in Mrs. Peters' car, Kent Easter then called the Irvine | Id. | Disputed that Kent Easter intended to cause injury to Bill or Sydney Peters. Further disputed as this contention is |

- 1 -

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | | |
|---|---|---|
| police, falsely telling the police that he was a "concerned parent" who had witnessed Mrs. Peters driving erratically in the parking lot of the elementary school where Mrs. Peters worked as a volunteer. Mr. Easter falsely told the police that he had witnessed Mrs. Peters (a) driving erratically; (b) using drugs; (c) placing a large quantity of illegal drugs in the backseat of her car; and (d) entering the school where numerous children were present. In an attempt to cover | | based upon inadmissible hearsay. |

-- 2 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | | | |
|---|---|---|---|
| | his tracks, Mr. Easter gave the police a phony name, telephone number and address and spoke with a phony Indian accent. | | |
| | 3. The Irvine Police acted on Mr. Easter's false report and went to the school to investigate. When Irvine police officers arrived at the school, the found Mrs. Peters' car in the parking lot, looked through the window, and saw the bag of drugs behind the driver's seat, just as Mr. Easter had described in his phony police report. | Marcereau Dec. ¶¶7, 8<br>Exhibit 3<br>Exhibit 5 Trial Testimony of Officer Shaver | Disputed to the extent this contention misstates Exhibit 3 and is based upon inadmissible trial testimony that is hearsay and not subject to any exception. |
| | 4. The police officers | Marcereau Dec. ¶ 7-8 | Disputed to the extent this |

-- 3 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS,
AND (2)  SEPARATE STATEMENT OF DISPUTED FACTS

| | | |
|---|---|---|
| then entered the school, tracked down Mr. Peters, and, in front of children, parents, school administrators, volunteers and Mrs. Peters' ten year old child, took Mrs. Peters into custody and escorted her out of the building | Exhibit 3<br>Exhibit 5 Trial Testimony of Officer Shaver | contention misstates Exhibit 3 and is based upon inadmissible trial testimony that is hearsay and not subject to any exception. It is further disputed that Mrs. Peters was tracked down and taken into custody and escorted out of the building, let alone that it was done in front of her ten year old child.<br>Debtor had no knowledge or awareness that Mrs. Peters' ten year old daughter was present. |
| 5. The police searched Mrs. Peters' car, pulled out the drugs, and laid them on the hood of a nearby police car. Mrs. Peters was then forced to sit on the curb in the school | Exhibit 5 Trial Testimony of Charles Shaver | Disputed as this contention is entirely based upon inadmissible trial testimony that is hearsay and not subject to any exception.<br>Disputed that she was forced to sit on the curb "like a criminal" or that she was |

-- 4 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | | | |
|---|---|---|---|
| | parking lot, like a criminal, next to the array of drugs and paraphernalia, for all to see. Mrs. Peters was detained at the school for over two hours while the police conducted their investigation. Distraught and afraid, Mrs. Peters was crying and shaking uncontrollably. | | detained at the school for over two hours. |
| | 6. Mrs. Peters' husband, Bill, was summoned by Police to the school and was present during the investigation. | Marcereau Decl. at ¶10 Exhibit 4 Trial testimony of Kelli Peters | Disputed that the Police summoned Bill Peters. The school contacted him. Denied that Easter had any knowledge or awareness that Mr. Peters was present or summoned to the school. Disputed to the extent this contention is based upon |

-- 5 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | | |
|---|---|---|
| | | inadmissible trial testimony that is hearsay and not subject to any exception. |
| 7. The police then escorted Mrs. Peters and her family back to their home where they conducted a search of the premises. While Mrs. Peters, her husband and their younger daughter Sydnie watched in nervous shock, the police searched their home, including bedrooms, bathrooms, the garage and the patio. CSI later showed up at the Peters' home and took DNA samples of Mrs. Peters, Mr. Peters and | Marcereau ¶10 Exhibit 4 Trial Testimony of Kelli Peters | Disputed as this contention is entirely based upon inadmissible trial testimony that is hearsay and not subject to any exception. Disputed that Easter had any knowledge or awareness that Mr. Peters or Sydnie Peters were present. |

-- 6 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | | |
|---|---|---|
| their child with intrusive cheek swabs. The Peters family were afraid and humilitated. | | |
| 8. For several months, the Peters remained fearful that someone was out to hurt or kill them, and that Mrs. Peters might still be arrested and convicted of crimes she did not commit.  Mrs. Peters was so upset that her hair began to fall out. Bill Peters became so distraught that he began to suffer panic attacks.  Sydnie Peter was humiliated, became withdrawn, and shunned by her classmates at school. | Marcereau ¶10 Exhibit 4 Trial Testimony of Kelli Peters | Disputed as this contention is entirely based upon inadmissible trial testimony that is hearsay and not subject to any exception. Disputed that Mrs. Peters remained fearful for several months that she might still be arrested and convicted because the police did not treat her like a suspect, provided her escorts to school and told her within a month that they had a suspect for framing her. Disputed that Easter intended to cause Kelli Peters months of fear.  Disputed that Easter intended to cause any injury or |

-- 7 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS,
AND (2)  SEPARATE STATEMENT OF DISPUTED FACTS

| | | | |
|---|---|---|---|
| | Things became so bad Sydnie ended up changing schools. | | distress to Bill Peters or Sydnie Peters. |
| 9. | On or about June 16, 2012, the Irvine police arrested Kent and Jill Easter | Marcereau Decl. ¶9 | Undisputed |
| 10. | On October 30, 2013, Jill Easter pleaded guilty to felony false imprisonment through fraud and deceit pursuant to Penal Code §236/237a for the drug planting scheme against Kelli Peters. | Exhibit 3 | Undisputed that Jill Easter pled guilty to Penal Code §236/237a. Disputed to the extent that this contention misstates Exhibit 3 and claims that Jill Easter pled guilty to participating in a scheme and conspiracy counts against her were voluntarily dismissed by the People. |
| 11. | Kent Easter was a defendant (sic) the criminal trial regarding the drug planting scheme. He hired counsel to represent | Marcereau Dec. ¶7 Exhibit 3 Trial Testimony of Kent Easter Ex 5 | Undisputed that Easter was a defendant in a criminal trial for violating Penal Code §236/237a and that Easter hired counsel and attended the trial. |

-- 8 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS,
AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | | | |
|---|---|---|---|
| | him in the trial, and attended the trial. | | Disputed that Easter was tried for a scheme or conspiracy. |
| 12. | On September 12, 2014, Kent Easter was found guilty of felony false imprisonment through fraud and deceit (Penal Code §236/237a) in Orange County Superior Court Case No. 12ZF0153, for the drug planting scheme against Kelli Peters. | Id | Undisputed that Easter was convicted after a criminal trial for violating Penal Code §236/237a and that 237 provides for the sentencing of false imprisonment as a felony if its effected by violence, menace, fraud, or deceit.<br>Disputed that Easter was tried for a scheme or conspiracy. |
| 13. | Plaintiffs sued Kent Easter and Jill Easter on August 3, 2012 in the Superior Court for the State of California, County of Orange, case No. 30-2012-00588580-CU-PO-CJC (the "State Court | Marcereau Dec. ¶ 2 | Undisputed only because the complaint speaks for itself and that it included causes of action for negligent infliction of emotional distress. |

-- 9 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS,
AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | | |
|---|---|---|
| Action") alleging cause of action for false imprisonment and intentional infliction of emotional distress regarding the Easter's plot to frame Kelli Peters.  Plaintiffs sought both compensatory and punitive damages. | | |
| 14. In light of their criminal convictions and the overwhelming evidence against them, on January 26, 2016 Kent Easter and Jill Easter stipulated that they intentionally and willfully tried to frame Kelli Peters for drug possession and made a false report to police, | Marcereau Decl. ¶ 8; Exhibit 3 | Disputed.  There were multiple other factors that led to the Debtor entering into the stipulation in Plaintiffs' Exhibit 3.  Further disputed because this fact misstates the contents of the stipulation it purports to summarize, including that Debtor disputes that he stipulated to willfully or intentionally injuring Bill and Sydnie Peters. Debtor |

-- 10 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS,
AND (2)  SEPARATE STATEMENT OF DISPUTED FACTS

| | | |
|---|---|---|
| and stipulated to liability for the torts of False Imprisonment and Intentional Infliction of Emotional Distress as to Kelli Peters, Bill Peters, and Sydnie Peters. The Easters, however, disputed the amount of damages to be awarded. | | does not dispute that he disputed the amount of damages to be awarded to Plaintiffs in the State Court Action. |
| 15. The Parties jury trial commenced on February 1, 2016 an concluded on February 5, 2016. Easter actively participated in all stages of discovery and trial in the State Court Action. Easter had an opportunity to, and did testify and | Marcereau Decl. ¶3 | Undisputed. |

-- 11 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | | |
|---|---|---|
| present his own evidence during the trial in the State Court Action. | | |
| 16. During the trial | | Disputed. Misstates testimony of Debtor. |
| 17. At the conclusion of the trial the jury awarded Kelli Peters $365,000 for false imprisonment, and $800,000 for intentional infliction of emotional distress. The jury awarded Sydnie Peters $600,000 for intentional infliction of emotional distress. The jury awarded Bill Peters $365,000 for intentional infliction of emotional distress. | Id | Disputed that the judgment is final. |

-- 12 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | | |
|---|---|---|
| 18. The jury found that Kent Easter engaged in the conduct with malice, oppression or fraud. The jury awarded Plaintiffs $1.5 million in punitive damages against Kent Easter | Id. | Disputed that the judgment is final. Undisputed that the Civil Judgment, which is on appeal, includes an award for punitive damages in the amount of $1.5 million against Debtor. |
| 19. Judgement on the verdict was entered on February 29, 2016. Kelli Peters received a judgment of $800,000 against Kent Easter and Jill Easter, jointly and severally. Sydnie Peters received a judgment of $600,000 against Kent Easter and Jill Easter, jointly and severally. Bill Peters received a | Id | Disputed that the judgment is final. |

-- 13 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | | |
|---|---|---|
| judgment of $365,000 against Kent Easter and Jill Easter, jointly and severally. | | |
| 20. Plaintiffs jointly received a judgment of $1.5 million in punitive damages against Kent Easter. | <u>Id.</u> | Disputed that the judgment is final. Disputed that the jury found each Plaintiff was entitled to punitive damages. |
| 21. The judgment states that Plaintiffs shall have and recover post-judgment interest of 10% per annum from the date of entry of the judgment until paid | <u>Id.</u> | Disputed that the judgment is final. |

### **DEFENDANT'S ALLEGED ADDITIONAL MATERIAL FACTS IN DISPUTE**

| **DEFENDANT'S ALLEGED ADDITIONAL MATERIAL FACTS IN DISPUTE** | **DEFENDANT'S SUPPORTING EVIDENCE** |
|---|---|
| 1. Defendant Kent Easter did not intend to cause injury to Bill Peters. | Declaration of Kent Easter ¶ 4 |
| 2. Defendant Kent Easter did not intend to cause injury to Sydnie Peters. | Declaration of Kent Easter ¶ 4 |

-- 14 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

| | |
|---|---|
| 3. On August 12, 2016, the judgment in the State Court Action was appealed. | Defendant's Request for Judicial Notice, Ex. 1 |
| 4. The punitive damage award in the judgment was based on "malice, oppression or fraud" in the disjunctive. | Plaintiffs' Request for Judicial Notice, Ex. 2 |
| 5. The Plaintiffs' judgement is currently on appeal in the Fourth District Court of Appeal, Division Three. | Defendant's Request for Judicial Notice, Ex. 2 |
| 6. Defendant's criminal conviction for false imprisonment did not determine that Defendant specifically intended to cause injury to Kelli Peters because the jury was instructed that felony false imprisonment was a general intent crime and did not need a finding of specific intent. | Defendant's Request for Judicial Notice, Exs. 3 and 4. |

Dated: October 20, 2016         Respectfully submitted,

**GOE & FORSYTHE, LLP**

/s/ Robert P. Goe
Robert P. Goe, Attorneys for Kent W. Easter

-- 15 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 20, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Weneta M Kosmala (TR)**    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
- **Robert H Marcereau**   , nlipowski@mncalaw.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) October 20, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Kent W Easter
153 Baywood Dr
Newport Beach, CA 92660

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 20, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Erithe A. Smith, USBC, 411 West Fourth Street, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 20, 2016 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

-- 16 --

DEFENDANT'S (1) RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS, AND (2) SEPARATE STATEMENT OF DISPUTED FACTS