MARCEREAU & NAZIF
Robert H. Marcereau (SBN 211534)
Sy Nazif (SBN 228949)
26000 Towne Centre Drive, Suite 230
Foothill Ranch, CA 92610
Tel: (949) 531-6500
Fax: (949) 531-6501

ATTORNEYS FOR CREDITORS and PLAINTIFFS
Kelli Peters, Bill Peters and Sydnie Peters

UNITED STATED BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter<br><br>Kelli Peters, Bill Peters and Sydnie Peters,<br><br>Plaintiffs,<br><br>vs.<br><br>Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter,<br><br>Defendants. | Case No. 8:16-bk-10223-ES<br>Adversary Case No.: 8:16-ap-01114-ES<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   November 10, 2016<br>Time:   10:30 a.m.<br>Department: 5A |

## I. INTRODUCTION.

The underlying facts of this case – that Defendant Kent Easter planted drugs in Kelli Peters car, framed her for crimes she didn't commit, and caused severe emotional distress to Mrs. Peters and her family—*have already been admitted to by Defendant*. The judgment obtained by the Peters family against Easter is clearly non-dischargeable under 11 U.S.C. §523(a)(6). Indeed, *Easter already stipulated that any judgment Plaintiffs received in the State Court Action would be non-dischargeable pursuant to §523(a)(6)*. (Declaration of Robert Marcereau in Support of MSJ ("Marcereau Decl."), Ex. 3, ¶8.)

In his Opposition, Easter is now trying to backpedal on his admitted wrongdoing and prior stipulation. He argues that the Motion for Summary Judgment ("MSJ") should be denied because he was supposedly given insufficient notice, that he didn't intend to cause harm to Plaintiffs Bill Peters and Sydnie Peters, and that the State Court Judgment is not "final" because he has filed a notice of appeal. These arguments are without merit, and are not in good faith.

**Notice**. The MSJ filing date and hearing date were set by the Court at the July 21, 2016 status conference. **[Docket 9.]** Multiple notices were given to Defendant. **[Docket 11, 14.]** Defendant never objected or asked for a later hearing date. He has not and cannot show any prejudice.

**Bill and Sydnie Peters**. Easter *has already admitted to willful and malicious conduct*, i.e., planting drugs and making a false report to police, and *has already stipulated to Intentional Infliction of Emotional Distress as to all Plaintiffs*. Easter's argument that he was "only trying to hurt Kelli Peters, not her family" is not a defense. Easter cites no legal authority for this ridiculous proposition. Indeed, case law is clear that to prove non-dischargeability under 11 U.S.C. §523(a)(6), a creditor need not show a specific intent to injure – only that harm is "reasonably foreseeable." (*Britton v. Price*, 950 F.2d 602, 605 (9th Cir. 1991).) Easter's liability for Intentional Infliction of Emotional Distress as to Bill and Sydnie Peters has already been conclusively decided – both via stipulation and via the State Court Judgment. Easter does not get to re-litigate this issue.

**Collateral Estoppel**. Based solely on Easter's admissions in the stipulation and in his sworn trial testimony, there are no triable issues of fact regarding the issue of non-dischargeability. In addition, collateral estoppel from the State Court Judgment applies, providing this Court with <u>multiple grounds</u> for granting the MSJ. Easter <u>fails to cite any authority</u> for the proposition that filing a notice of appeal negates the collateral estoppel effect of a state court judgment in bankruptcy proceedings. <u>Indeed, the B.A.P. has made it clear that a notice of appeal has no effect on collateral estoppel.</u> *See Cobe v. Smith (In re Cobe)*, 229 B.R. 15, 17-18 (B.A.P. 9th Cir. 1998) (emphasis added) (**An appeal of a California state court judgment "does not provide a basis for refusing to apply collateral estoppel."**)

For the past five years, Kent Easter has put Plaintiffs through living hell. They have endured two criminal trials and a civil trial, and finally obtained a judgment against him. Easter is now trying to renege on his prior stipulation, and trying avoid responsibility for his despicable conduct. There are no triable issues at to the fact that the conduct in question was willful and malicious. Plaintiffs should not be forced to endure yet another trial to determine issues that Easter has already admitted to in the past and that were already decided in the civil trial. Enough is enough. This Court should grant the MSJ.

## II. PLAINTIFFS' NOTICE WAS TIMELY AND THE MSJ HEARING WAS SET PURSUANT TO THE COURT'S ORDER.

In his Opposition, Defendant claims that Plaintiffs' MSJ should be denied because of a supposedly defective Notice and inadequate time to prepare an opposition. This argument is without merit. Plaintiffs' counsel and Defendant Kent Easter attended a status conference in this case on July 21, 2016. At that conference, the Court issued its order stating that Plaintiffs' MSJ was to be filed on October 4, 2016, and that the hearing on the MSJ would be on November 10, 2016 at 2 p.m. **[Docket 9.]** Plaintiff served notice of the Court's ruling on August 15, 2016. **[Docket 11.]** <u>Defendant never objected, nor did he ask the court to move back the hearing date.</u> On September 20, 2016, the Court moved the hearing time from 2 p.m. to 10:30 a.m. On September 23, 2016, Plaintiffs gave notice to Defendant

of the new time, along with the same hearing date (Nov 10) and same location (Dept. 5A.) **[Docket 14.]** Once again, Defendant never objected, nor asked the Court for a later hearing date.

Plaintiffs timely filed their MSJ on October 4, 2016. Unfortunately, there were typographical errors in the notice. Although the Notice stated the correct day (Nov 10) and the correct time (10:30 a.m.), there were typos in the year[1] and location. **[Docket 15.]** Two days later, on October 6, 2016, Plaintiffs discovered the error and served a Notice of Errata with the correct year and location. **[Docket 22].** As stated in the Notice of Errata, the correct hearing information had already been given to Defendant weeks earlier. *[Id.]*

Defendant has been aware of the MSJ filing date and hearing date set by the Court since the July 21, 2016 status conference, and received notices in August and September regarding same. The argument that a typo in Plaintiff's October 4, 2016 notice regarding the year and department (which was promptly corrected) somehow prejudiced Defendant is not in good faith. After the MSJ was filed on October 4th, Defendant never asked the Court to continue the hearing date, and never asked for more time to prepare an opposition. Instead, Defendant has attempted to manufacture procedural defects in an effort to defeat the MSJ. Defendant has not and cannot show that he has suffered any prejudice. There are no grounds to deny the MSJ on a purported "defect" in notice.

### III. DEFENDANT HAS ALREADY STIPULATED TO HIS CONDUCT AND TO NON-DISCHARGEABILITY.

#### A <u>Defendant Admitted That He Intentionally Framed Kelli Peters For Drug Possession.</u>

As discussed in the MSJ and further below, the collateral estoppel effect of the State Court Judgment against Easter applies in this case. *This Court need not even get to the issue of Collateral Estoppel, however,* <u>because Defendant has already admitted to committing the intentional, despicable acts against Plaintiffs and has already admitted to</u>

---

[1] The Notice erroneously stated "2004."

non-dischargeability. As such, there are no triable issues of fact, and summary judgment is proper.

Kent Easter has admitted that he and his wife intentionally tried to frame Kelli Peters for drug possession, and has admitted that this caused emotional distress to Kelli Peters, her husband Bill, and their daughter Sydnie. The Stipulation, which Kent Easter admits he signed, states in relevant part:

> 1. This lawsuit arises from an incident in which Defendants [Kent and Jill Easter], on or about February 16, 2011, (1) planted illegal drugs and drug paraphernalia in Kelli Peters' car, including bags of Vicodin, Percocet and Marijuana and a used Marijuana pipe; and (2) made a false report to Irvine Police that they witnessed Kelli Peters driving erratically and hiding drugs in her car; which (3) resulted in the detention and investigation of Kelli Peters by police and (4) caused emotional distress to Kelli Peters, Bill Peters and Jane Doe.

(Decl. of Robert Marcereau in Support of MSJ ["Marcereau Decl."], Ex. 3, ¶1.) Based on their admitted, intentional acts, Kent Easter stipulated to liability for Intentional Infliction of Emotional Distress as to all Plaintiffs:

> 4.  Based on the above, Defendants Kent W. Easter and Jill B. Easter (aka Eva Everheart), jointly and severally, stipulate to liability in this lawsuit as follows:
>     a. Defendants stipulate to liability for the First Cause of Action in the First Amended Complaint, "Intentional Infliction of Emotional Distress" as to all Plaintiffs (Kelli Peters, Bill Peters, and their daughter Jane Doe);
>     b. Defendants stipulate to liability as to the Third Cause of Action in the First

4

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Amended Complaint, "False Imprisonment," as to Plaintiff Kelli Peters.

(Marcereau Decl., Ex. 3, ¶7.)

### B  Defendant Stipulated To Non-Dischargeability.

Given his intentional wrongdoing against Plaintiffs, <u>Kent Easter stipulated that any judgment obtained by Plaintiffs would be non-dischargeable in bankruptcy</u>. The Stipulation states as follows:

> 8. Defendants stipulate that any judgments received by Plaintiffs in this case are non-dischargeable pursuant to Bankruptcy Code 11 U.S.C. §523(a)(6), and that this Stipulation is admissible in any bankruptcy proceedings.

(Marcereau Decl., Ex. 3, ¶ 8.) This is not a bare stipulation to non-dischargeability unsupported by any facts. Rather, this stipulation is supported by undisputed facts regarding Kent Easter's intentional and despicable actions, which he admits caused emotional distress to Kelli Peters, her husband Bill, and their daughter Sydnie.

### C  Defendant, a Former Attorney, Freely Entered Into The Stipulation.

In his Opposition, Defendant attempts to downplay the stipulation, and portrays himself as an unrepresented and unsophisticated pawn who was duped into signing it. This is simply false. Kent Easter is a graduate of Stanford University and UCLA Law School, and was a former equity partner in the litigation department at Stradling Yocca Carlson & Rauth. Kent Easter offered to sign the stipulation in exchange for Plaintiffs' agreement to waive enforcement of the Court's order compelling his wife, Jill Easter, to appear for deposition. (Marcereau Decl., Ex. 3, ¶9.) The Stipulation further states:

> 11. Defendants Kent W. Easter and Jill B. Easter (aka Eva Everheart) are former practicing attorneys in California, and acknowledge that they have read and understand the terms of this stipulation, and are aware of all legal ramifications of this stipulation. Defendants further

acknowledge that they have had the opportunity to consult with legal
counsel regarding this stipulation. Defendants further acknowledge
that they proposed this stipulation to Plaintiffs.

(Marcereau Decl., Ex. 3, ¶11.) In his Opposition, Easter is now attempting to renege on his stipulation. His arguments are not in good faith.

## IV. KENT EASTER ADMITTED TO HIS TO HIS ACTIONS IN SWORN TRIAL TESTIMONY.

In addition to stipulating to his despicable crimes against the Peters family and stipulating to intentional infliction of emotional distress, Kent Easter also admitted to his actions in sworn trial testimony. Kent Easter admitted under oath that he and his wife planted drugs in Kelli Peters' car, that he made a false report to police that he saw Kelli Peters driving erratically in the school parking lot and stashing drugs in her car, and that he used a fake name and phony Indian accent in an attempt to conceal his identity from Police. (Marcereau Decl., Ex. 5, 184:23-185:15.)

Kent Easter admitted that after he and his wife tried (unsuccessfully) for months to get Kelli Peters fired from her job, they executed their plan to have Mrs. Peters arrested for crimes she didn't commit:

> Q: So when all those previous efforts failed, at some point later on a few months later, you and your wife conspired to and did plant drugs in Kelli Peters' car and tried to have her framed for crimes she didn't commit?
> A: Yes. ...

(Marcereau Decl., Ex. 5, 191:11-15.) Finally, Kent Easter admitted the obvious—that he was trying to hurt Kelli Peters:

> Q: When you made that call to the police and you told them that you saw Kelli Peters driving erratically and stashing drugs in her car, you were intending to cause her harm, weren't you?
> A: Yes.

(Marcereau Decl., Ex. 6, 284:14-18.)

## V. KENT EASTER'S CONDUCT CLEARLY MEETS THE STANDARD OF NON-DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(6).

### A. The Judgment in Favor of Bill Peters and Sydnie Peters Is Non-Dischargeable.

Easter argues—without citing any authority—that the MSJ should be denied as to Plaintiffs Bill Peters and Sydnie Peters because he only intended to destroy Kelli Peters, and did not intend any collateral damage to her family. This argument is absurd. Easter has already admitted to willful and malicious conduct (planting drugs, false police report), and it has already been determined that Easter's conduct caused foreseeable harm to Kelli Peter's husband Bill and her daughter Sydnie. Easter stipulated to Intentional Infliction of Emotional distress as to Bill and Sydnie Peters, and stipulated that any judgment obtained by them would be non-dischargeable pursuant to 11 U.S.C. §523(a)(6). (Marcereau Decl., Ex. 3, ¶¶4, 8.)

As stated in the MSJ, to prove non-dischargeability under 11 U.S.C. §523(a)(6), a creditor need not show a specific intent to injure – only that harm is "reasonably foreseeable." (*Britton v. Price*, 950 F.2d 602, 605 (9th Cir. 1991).) Foreseeability has already been established by virtue of Easter's signed stipulation and the judgment against him for Intentional Infliction of Emotional Distress. (See CACI 1600.) Easter is not entitled to re-litigate this issue. Further, allowing Easter to discharge debt for his despicable actions would reward his behavior and completely defeat the purpose of §523(a)(6).

### B. The Punitive Damages Are Non-Dischargeable.

Easter argues that the MSJ cannot be granted as to the punitive damages award because the verdict states that Kent Easter acted with "malice, oppression or fraud," which could include conduct that does not meet the "willfulness requirement" of §523(a)(6). In support of this proposition, Defendant cites *In re Plyam* 530 B.R. 456 (9th Cir. B.A.P., 2015). *In re Plyam* has no application to the instant case. *In re Plyam* dealt with a series of real estate development deals and a company executive who was found to have breached his fiduciary duties to investors. It did not involve intentional torts as in our case. The *Plyam*

court held that the punitive damages award, which was ambiguous, did not provide collateral estoppel as to the "willfulness" requirement of §523(a)(6). (*In re Plyam* at 470.)

In our case, Kent Easter has already stipulated to and admitted to willful conduct (planting drugs, false police report). He stipulated to and was found liable for Intentional Infliction of Emotional Distress as to all Plaintiffs. A single punitive damages award was made jointly to all Plaintiffs. *In re Plyam* made it clear that intentional torts are treated differently than other torts:

> To be clear, our holding does not eviscerate a bankruptcy court's ability or opportunity to apply issue preclusion to a state court jury's findings pursuant to CC §3294...And, of course, a state court judgment based on an intentional tort may independently satisfy the §523(a)(6) willfulness requirement.

(*In re Plyam*, at 470.) The *Plyam* court also explained that the "maliciousness" requirement of §523(a)(6) is still met by a punitive damages award, regardless of whether the award is stated in the disjunctive. (*Id.*) There is no ambiguity as to what conduct gave rise to punitive damages. The punitive damages in this case are clearly non-dischargeable under §523(a)(6).

## VI. COLLATERAL ESTOPPEL APPLIES REGARDLESS OF THE APPEAL.

### A. The Law Is Clear That An Appeal Does Not Prevent Collateral Estoppel.[2]

Easter argues erroneously that Plaintiffs are not entitled to summary judgment on the issue of non-dischargeability because he has filed a notice of appeal. According to Easter, the Judgment is not sufficiently "final" for collateral estoppel purposes. Easter cites a non-bankruptcy case, *Sandoval v. Superior Court* (1983) 140 Cal.App.3d 932, in support of his argument that, because he filed a notice of appeal, Plaintiffs are not entitled to rely on the

---

[2] Plaintiffs only assert collateral estoppel from the Civil Judgment. The criminal conviction of Kent Easter is not necessary for collateral estoppel in this Bankruptcy proceeding and any argument pertaining to collateral estoppel from the criminal conviction is withdrawn.

collateral estoppel effect of the Judgment to support summary judgment. **Easter's argument is wrong.**

The B.A.P. has held that the pendency of an appeal from a California state court judgment <u>does not preclude summary judgment of nondischargeability</u>. *See Cobe v. Smith (In re Cobe)*, 229 B.R. 15, 17-18 (B.A.P. 9th Cir. 1998) (emphasis added) (**An appeal of a California state court judgment "does not provide a basis for refusing to apply collateral estoppel."**) In granting summary judgment on the issue of nondischargeability, despite a pending appeal of the underlying California judgment, the B.A.P. stated in *Cobe*,

> The findings of the state court jury met the elements for nondischargeability under Section 523(a)(2)(A). The bankruptcy court properly applied principles of collateral estoppel when it granted summary judgment based on the state court verdict. . . . The proper avenue for appeal is the California Court of Appeals. This argument **does not provide a basis for refusing to apply collateral estoppel**.

*Id.* California judgments that are on appeal are sufficiently "final" for collateral estoppel purposes in non-dischargeability proceedings. *See id.*[3]

**"The bare act of taking an appeal is no more effective to defeat preclusion than a failure to appeal. The established rule in federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal."** *United States v. Towe (In re Towe)*, 147 B.R. 545, 550 (Bankr. D. Mont. 1992) (citing *Robi*, 838 F.2d at 327). The "finality" requirement for the application of collateral estoppel "does not mean that an appeal of an otherwise final judgment will preclude the application of the

---

[3] *See also Hagan v. McNallen (In re McNallen)*, 62 F.3d 619, 623 n.1 (4th Cir. 1995) (un-entered judgment is sufficiently "final" for collateral estoppel purposes in nondischargeability action); *First Jersey Nat'l Bank v. Brown (In re Brown)*, 951 F.2d 564, 569 (3d Cir. 1991) (state summary judgment which is not final for purposes of appeal is still entitled to collateral estoppel effect); *Lusk v. Williams (In re Williams)*, 282 B.R. 267, 270, 273-74 (Bankr. N.D. Ga. 2002) (despite debtor's pending motion for new trial, prior state court judgment is final for collateral estoppel purposes in nondischargeability proceeding); *Planned Parenthood of Columbia/Willamette, Inc. v. Bray (In re Bray)*, 256 B.R. 708, 711 (Bankr. D. Md. 2000) (citations omitted) (state court judgment constitutes a valid and final order for collateral estoppel purposes in subsequent nondischargeability proceeding, even though debtor's appeal of judgment is pending); *Worrell v. Grim (In re Grim)*, 104 B.R. 486, 488 (Bankr. S.D. Fla. 1989) (citations omitted) (pendency of appeal does not destroy the finality of a judgment for the purpose of applying the doctrine of collateral estoppel).

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

doctrine, as long as the other requirements are met." HON. B. RUSSELL, BANKRUPTCY EVIDENCE MANUAL § 31 (Finality) (2004 ed.) (citing In re Wilson, 116 F.3d 87 (3d Cir. 1997); In re Wood, 167 B.R. 83 (Bankr. W.D. Tex. 1994); In re Sokol, 170 B.R. 556, 560 n.3 (Bankr. S.D.N.Y. 1994), aff'd. 181 B.R. 27 (S.D.N.Y. 1995)).

Moreover, Easter did not seek a stay of the Judgment pending appeal or post a bond to stay enforcement of the Judgment. See Cal. Code Civ. P. §§ 917.1-922. Therefore, if not for Easter's bankruptcy filing and the imposition of the automatic stay, Plaintiffs would be permitted to immediately execute on their Judgment, regardless of the pendency of an appeal. See Cal. Code Civ. P. §§ 695.010(a), 699.010-700.200. It would be improper and inequitable to deny Plaintiffs summary judgment on the non-dischargeability issue solely because Easter has filed a notice of appeal.

## VII. CONCLUSION.

Based on the MSJ and the foregoing, Plaintiffs are entitled to summary judgment in this action.

Dated: October 27, 2016

**MARCEREAU & NAZIF**

/s/ Robert H. Marcereau
Robert H. Marcereau
Attorneys for Plaintiffs

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
26000 Towne Centre Drive, Suite 230, Foothill Ranch, California 92610

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/27/16**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee: ustpregion16.sa.ecf@usdoj.gov
Trustee, Weneta M Kosmala: ecf.alert+Kosmala@titlexi.com
Attorney for Debtor/Defendant: kmurphy@goeforlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/27/16**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| Debtor/Defendant: | Attorney for Debtor/Defendant: | Trustee: |
|---|---|---|
| Kent W Easter | Robert P Goe | Weneta M Kosmala |
| 153 Baywood Dr. | Goe & Forsythe, LLP | 3 MacArthur Place, Suite 760 |
| Newport Beach, CA 92660 | 18101 Von Karman, Ste 1200 | Santa Ana, CA 92707 |
| | Irvine, CA 92612 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/27/16** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method); by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Judge: Hon. Erithe A. Smith, U.S. Bankruptcy Court Central District, 411 W. Fourth St., Suite 5040 / Ctrm 5A, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/27/2016 | Nicole Lipowski | /s/ Nicole Lipowski |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**