MARCEREAU & NAZIF
Robert H. Marcereau (SBN 211534)
Sy Nazif (SBN 228949)
26000 Towne Centre Drive, Suite 230
Foothill Ranch, CA 92610
Tel: (949) 531-6500
Fax: (949) 531-6501

ATTORNEYS FOR CREDITORS and PLAINTIFFS
Kelli Peters, Bill Peters and Sydnie Peters

UNITED STATED BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re: | Case No. 8:16-bk-10223-ES |
|---|---|
| Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter | Adversary Case No.: 8:16-ap-01114-ES  **PLAINTIFFS' RESPONSES TO DEFENDANT'S EVIDENTIARY OBJECTIONS** |
| Kelli Peters, Bill Peters and Sydnie Peters, Plaintiffs, vs. Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter, Defendants. | Date:    November 10, 2016  Time:    10:30 a.m.  Department: 5A |

## I. INTRODUCTION.

Defendant objects to certain evidence presented by Plaintiffs Kelli Peters, Bill Peters and Sydnie Peters in support of their Motion for Summary Judgment on their "Complaint to Determine Nondischargeability of Debt" (the "Complaint") against Defendant Kent Easter ("Easter" or "Defendant"). Specifically, Defendant objected to the following paragraphs and exhibits to the Declaration of Robert H. Marcereau: ¶4, ¶7, ¶8, ¶9 and exhibit nos. 4, 5 and 6. Defendant's objections are without merit and should be overruled.

## II. DEFENDANT'S OBJECTIONS ARE WITHOUT MERIT AND SHOULD BE OVERRULED.

### a. Best Evidence Rule Is Inapplicable Here.

Defendant objects to the Declaration of Marcereau by citing the FRE 1002, the "Best Evidence Rule." Such an objection is completely misplaced in this instance. The Best Evidence Rule provides that, in order to prove the contents of a writing or photograph, the writing itself is usually required. <u>This has no bearing here</u>.

Plaintiff is not seeking to prove the contents of a writing. Rather, the Declaration paragraphs at issue are regarding the convictions of the Defendants, and Defendants' admissions of their illegal acts. The outcomes of the state court actions were witnessed by Marcereau, and indeed they are a matter of public record. As to Defendants' admissions, the Declaration specifically states, "Kent Easter admitted these facts <u>in my presence</u>." (Marcereau Decl. ¶4, emphasis added.) These declaration paragraphs at issue have nothing to do with the contents of "writing, recording, or photograph." As to Declaration paragraph 8, regarding the stipulation of Defendants, the contents are cited verbatim, and the stipulation itself is attached as exhibit. The exhibit is admissible pursuant to FRE 1002 and 1003.

The Best Evidence Rule has no applicability to the declaration paragraphs at issue here. Accordingly, Defendant's objections to ¶¶ 4, 7 and 8 of the Declaration of Marcereau on this ground should be overruled.

### b. Personal Knowledge Requirement Met.

All objections based on Federal Rule of Evidence 602 are misplaced. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (FRE 602). Marcereau's declaration sets forth his view of the facts based on his personal knowledge, including Kent Easter's admission of these facts directly to Marcereau.

Defendant's objections to ¶7, and ¶9 of the Declaration of Robert H. Marcereau based on FRE 602 should be overruled in each instance.

### c. Trial Testimony by Declarants and a Party Opponent Are Non-Hearsay.

Hearsay is a "statement, <u>other than one made by the declarant while testifying at the trial or hearing,</u> offered in evidence to prove the truth of the matter asserted." (FRE 801(c), emphasis added.)

Defendant objects to excerpts of Kelli Peters, Officer Charles Shaver and Kent Easter's trial testimony, in their entirety. The testimony does <u>not</u> qualify as hearsay, as the evidence consists of each declarant's <u>own</u> statements at trial. In other words, the statements contained in the excerpts are from the declarants themselves (Peters, Officer Shaver and Easter). Therefore, by definition the statements are not hearsay because they were made in court by the declarants. Whereas hearsay is a statement made by one <u>other than the declarant.</u>

Defendant does not reference which portions of the testimony, if any, are allegedly made by <u>someone other than the declarants.</u>

Additionally, Kent Easter's trial testimony is an admission by a party opponent and therefore is non-hearsay. An admission by a party opponent is non-hearsay (FRE 801(d).)

Plaintiff's objections to exhibit nos. 4-6 are improper and should be overruled.

### d. No Prejudice Suffered by Defendant.

Defendant also objects to exhibit nos. 4-6 – excerpts of trial testimony – on the grounds that they violate FRE 403 due to unfair prejudice for "offering incomplete records." This objection is without merit.

1  The court may exclude relevant evidence if its probative value is <u>substantially
2  outweighed</u> by a danger of one or more of the following: unfair prejudice, confusing the
3  issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative
4  evidence. (FRE 403.) . Defendant fails to make a single argument setting forth why he has
5  been prejudiced by this. He has access to all of the trial testimony referenced, as he was
6  actively involved in all stages of the civil trial.
7  Here, only pertinent portions of witness trial testimony were filed in support of
8  Plaintiffs' Motion in order to highlight the <u>relevant</u> testimony, streamline Plaintiff's exhibits
9  and to avoid wasting the court's time in sifting through hundreds of pages of non-relevant
10 trial testimony.
11 Defendant's FRE 403 objections are without merit. Accordingly, any objections
12 based on prejudice as to these exhibits are improper and should be overruled.

### III. CONCLUSION.

14 For the reasons set forth above, Plaintiff respectfully requests that the Court overrule
15 Defendant's evidentiary objections to Robert H. Marcereau's Declaration submitted in
16 support of Plaintiffs' Motion for Summary Judgment on their "Complaint to Determine
17 Nondischargeability of Debt" against Defendant Kent Easter.

Dated: October 26, 2016                           **MARCEREAU & NAZIF**

                                                  /s/ Robert H. Marcereau
                                                  Robert H. Marcereau
                                                  Attorneys for Plaintiffs

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 26000 Towne Centre Drive, Suite 230, Foothill Ranch, California 92610

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFFS' RESPONSES TO DEFENDANT'S EVIDENTIARY OBJECTIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/27/16**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee: ustpregion16.sa.ecf@usdoj.gov
Trustee, Weneta M Kosmala: ecf.alert+Kosmala@titlexi.com
Attorney for Debtor/Defendant: kmurphy@goeforlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/27/16**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor/Defendant: | Attorney for Debtor/Defendant: | Trustee: |
|---|---|---|
| Kent W Easter | Robert P Goe | Weneta M Kosmala |
| 153 Baywood Dr. | Goe & Forsythe, LLP | 3 MacArthur Place, Suite 760 |
| Newport Beach, CA 92660 | 18101 Von Karman, Ste 1200 | Santa Ana, CA 92707 |
| | Irvine, CA 92612 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/27/16** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge: Hon. Erithe A. Smith, U.S. Bankruptcy Court Central District, 411 W. Fourth St., Suite 5040 / Ctrm 5A, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/27/2016 | Nicole Lipowski | /s/ Nicole Lipowski |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE