Robert P. Goe – State Bar No. 137019
Charity J. Miller – State Bar No. 286481
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
rgoe@goeforlaw.com
cmiller@ goeforlaw.com

Counsel for Defendant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>KENT W. EASTER,<br><br>　　　　　Debtor<br><hr>KELLI C. PETERS, BILL PETERS, and SYDNIE PETERS,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>KENT W. EASTER,<br><br>　　　　　Defendant. | Case No.: 8:16-bk-10223-ES<br><br>Chapter 7 Proceeding<br><br>Adv. Case No. 8:16-ap-01114-ES<br><br>**DEFENDANT'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing**:<br>**Date**:　　November 10, 2016<br>**Time**:　　10:30 a.m.<br>**Ctrm**:　　5A |

　　　Defendant Kent W. Easter ("Debtor") hereby respectfully submits this sur-reply ("Sur-Reply") to address certain wholly inappropriate arguments contained in Plaintiffs' Reply ("Reply") in support of their Motion for Summary Judgment or, Alternatively, for Summary Adjudication ( "Motion"). Debtor's counsel understands that the filing of a sur-reply is not

DEFENDANT'S SUR-REPLY TO PLAINTIFFS' REPLY ISO MOTION FOR SUMMARY JUDGMENT

provided for under the Local Bankruptcy Rules. However, as discussed herein, an exception should be made given the circumstances, including Plaintiffs' raising arguments for the first time in their Reply and citing incorrect law.

## I.    PLAINTIFFS' ARE NOT ENTITLED TO SUMMARY JUDGMENT BASED UPON AN UNENFORCEABLE PRE-BANKRUPTCY STIPULATION TO NONDISCHARGEABILITY.

For the first time in their Reply, Plaintiffs' improperly advance a new basis for summary judgment – that this court is bound by a state court stipulation to nondischargeability. Nowhere in their Motion did Plaintiffs argue that summary judgement should be granted because the parties' stipulated to nondischargeability in state court. Indeed, raising this argument for the first time within a reply memorandum is impermissible under Local Bankruptcy Rule 9013-1(g)(4), compounding the defects already in Plaintiffs' notice of motion. "New arguments or matters raised for the first time in reply documents will not be considered." Id.

Moreover, Plaintiffs' argument is also improper because it is flat wrong as a matter of bankruptcy law, and Plaintiffs do not cite any authority to support their argument. In fact, a state court stipulation "where the debtor waives his right to discharge is unenforceable as against public policy." Hayhoe v. Cole (In Re Cole), 226 B.R. 647, 653 (B.A.P. 9th Cir. 1998). This is because dischargeability is the "'central issue in bankruptcy dischargeability litigation,'" and bankruptcy courts have exclusive jurisdiction to determine the dischargeability of a claim under § 523(a). Id., quoting Saler v. Saler (In re Saler), 205 B.R. 737, 744 (Bankr.E.D.Pa. 1997), aff'd, 217 B.R. 166 (E.D.Pa.1998). Plaintiffs' argue that the stipulation should be given more weight because Debtor is a former lawyer. However, Debtor was never a bankruptcy attorney and Plaintiffs' counsel, who are currently practicing attorneys, also seemed unaware of the public policy prohibition on enforcing state court stipulations to nondischargeability and cite no law that carves out any exception from the rule that such stipulations are of no effect.

-2-

DEFENDANT'S SUR-REPLY TO PLAINTIFFS' REPLY ISO MOTION FOR SUMMARY JUDGMENT

Nor can the stipulation provide a basis for the application of collateral estoppel to determine nondischargeability. As already discussed, the stipulation was entered into in the State Court Action, and the Civil Judgment[1], is on appeal and is therefore not final for purposes of issue preclusion under California law. Opposition at 7-8; *see infra* II. Moreover, the issue of whether Easter had the subjective intent to cause harm to all of the Plaintiffs was not actually litigated in the State Court Action, and the stipulation provides no factual basis for a finding that he had such subjective intent towards all of the Plaintiffs. Carrillo v. Su (In re Su), 290 F.3d 1140, 1144-45 (9th Cir. 2002). As even Plaintiffs' counsel admitted in negotiating the stipulation, recklessness is sufficient to satisfy the elements of an intentional infliction of emotional distress claim under CACI 1600. [Easter Dec. ¶6 and Ex. A.] And, as Debtor has already established, Ninth Circuit law is clear that "recklessness" does not satisfy §523(a)(6) because conduct that is reckless merely requires an intent to act. In re Plyam, 530 B.R. at 464 (9th Cir. B.A.P. 2015).

Thus, Plaintiffs' argument in the Reply that this Court is bound by the state court stipulation regarding nondischargeability is legally unfounded and should be disregarded entirely, as it was untimely raised.

## II. **PLAINTIFFS' MISCONSTRUE NINTH CIRCUIT LAW BY WRONGLY CONTENDING THAT AN APPEAL DOES NOT PREVENT COLLATERAL ESTOPPEL.**

Plaintiffs do not dispute that this Court must apply California law in determining the issue preclusive effect, if any, of the Civil Judgment in the State Court Action. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir.2001). Plaintiffs also do not directly contest (because it is black-letter California law) that a judgment is not final pending appeal. Cal. Code Civ. Proc. § 1049; Wright v. Turner (In re Turner), 204 B.R. 988, 992 (9th Cir. BAP 1997). Plaintiffs wrongly contend, however, that Cobe v. Smith (In re Cobe), 229 B.R 15 (B.A.P. 9th

---

[1] Defined terms utilized herein have the same meaning as set forth in Debtor's Opposition, unless defined differently herein.

-3-

Cir. 1998) stands for the proposition that an appeal from a California state court judgment "does not provide a basis for refusing to apply collateral estoppel." This is incorrect. In actuality, the Ninth Circuit Bankruptcy Appellate Panel has held that a judgment that is still subject to a motion for new trial or an appeal is not a final judgment for purposes of California's collateral estoppel rules. Wright v. Turner (In re Turner), 204 B.R. 988, 992 (9th Cir. BAP 1997); see also In re Blanchard, 545 B.R. 18 (2016) (Bankr. C.D. 2016) (holding that a dismissal order was final under both California and federal law because it was not appealed).

Plaintiffs' quotation from Cobe is misleading at best. The issue before the Cobe court was not whether a state court judgment was final for purposes of collateral estoppel but rather should collateral estoppel be applied when the debtors contended that the state court had lacked jurisdiction to have entered judgment. 229 B.R at 18. The debtors had not appealed to the Bankruptcy Appellate Panel on the basis that the judgment was not final. The actual quotation for Cobe states: "The Cobes have had a fair opportunity to pursue this issue [of lack of jurisdiction], which is based on an interpretation of state statutory law, in state court. The proper avenue for appeal is the California Court of Appeals. This argument does not provide a basis for refusing to apply collateral estoppel." 229 B.R at 18. In short, the Cobe court was stating that if a debtor believes a state court judgment was wrong as matter of law, the proper avenue is to appeal, not to collaterally attack the judgment in bankruptcy court. As a result, the Cobe court denied the appeal on this basis.

### III. CONCLUSION

For all of the foregoing reason and for the reasons set forth in the Debtor's Opposition, the Motion should be denied.

Dated: November 1, 2016              Respectfully submitted,

**GOE & FORSYTHE, LLP**

/s/ Robert P. Goe
Robert P. Goe,
Attorneys for Kent W. Easter

-4-

DEFENDANT'S SUR-REPLY TO PLAINTIFFS' REPLY ISO MOTION FOR SUMMARY JUDGMENT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 1, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com**
- **Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com**
- **Robert H Marcereau    , nlipowski@mncalaw.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) November 1, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 1, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Erithe A. Smith, USBC, 411 West Fourth Street, Santa Ana, CA 92701

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 1, 2016 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

- 1 -

DEFENDANT'S SUR-REPLY TO PLAINTIFFS' REPLY ISO MOTION FOR SUMMARY JUDGMENT