MARCEREAU & NAZIF
Robert H. Marcereau (SBN 211534)
Sy Nazif (SBN 228949)
26000 Towne Centre Drive, Suite 230
Foothill Ranch, CA 92610
Tel: (949) 531-6500
Fax: (949) 531-6501

ATTORNEYS FOR CREDITORS and PLAINTIFFS
Kelli Peters, Bill Peters and Sydnie Peters

UNITED STATED BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re:<br><br>Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter<br><br>Kelli Peters, Bill Peters and Sydnie Peters,<br><br>Plaintiffs,<br><br>vs.<br><br>Kent W. Easter, dba Kent Easter Consulting, dba Law Offices of Kent W. Easter,<br><br>Defendants. | Case No. 8:16-bk-10223-ES<br>Adversary Case No.: 8:16-ap-01114-ES<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S IMPROPER "SUR-REPLY" IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        November 10, 2016<br>Time:       10:30 a.m.<br>Department: 5A |
|---|---|

//
//
//
//
//
//

PLAINTIFFS' RESPONSE TO DEFENDANT'S IMPROPER "SUR-REPLY"

## I. INTRODUCTION.

Kent Easter's Sur-Reply is improper. A sur-reply is not authorized by the Local Bankruptcy Rules, and Easter did obtain relief from the Court to file a sur-reply. The Court should disregard and strike the improper Sur-Reply from the record. In the event the Court does consider the Sur-Reply, however, Plaintiffs should be permitted to respond in writing and respectfully request that the Court consider the following.

## II. STIPULATION RE NONDISCHARGEABILITY.

Contrary to Easter's assertion, the stipulation re nondischargeability was not raised for the first time in the Reply. The stipulation was attached to the MSJ as Exhibit 3, and was referenced on page 5 of the MSJ. Plaintiffs have never asserted that the stipulation to nondischargeability is by itself dispositive, but the fact remains that <u>Kent Easter specifically stipulated that his conduct was willful and malicious (and hence nondischargeable) pursuant to §523(a)(6)</u>. In his Opposition, Easter is now trying to backpedal from this admission.

Although a bare stipulation to nondischargeability is not by itself enforceable, a debtor may stipulate to the grounds for nondischargeability under 11 U.S.C. § 523(a). (*See, e.g.*, <u>Bank of China v. Huang (In re Huang)</u>, 275 F.3d 1173, 1178 (9th Cir. 2002) (debt was dischargeable because the settlement agreement failed to recite facts supporting fraud).) In this case, Easter stipulated to FACTS supporting nondischargeability.

## III. EASTER'S CONDUCT WAS WILLFUL AND MALICIOUS, AND IS NONDISCHARGEABLE AS TO ALL PLAINTIFFS.

Easter continues to argue that, for purposes of nondischargeability under §523(a)(6), his actions were not "willful" with respect to Plaintiffs Bill Peters and Sydnie Peters. As discussed in the Reply, this argument without merit, and is directly contradicted by the 9th Circuit case of <u>Britton v. Price</u>, 950 F.2d 602, 605 (9th Cir. 1991). *Britton* holds that the "intent" requirement of §523(a)(6) <u>relates to the act at issue, not the intended consequences</u>. Plaintiffs cited *Britton* in both their MSJ (p. 9) and their Reply (p 7.) *Britton* states:

> Section 523(a)(6) provides that a debt for "willful and malicious injury by the debtor" will not be discharged... "Willful," in this context, means

"deliberate or intentional." [citations] Thus, the creditor must show the debtor acted intentionally. **The intent required is intent to do the act at issue, not intent to injure the victim.** C.I.T. Fin. Serv., Inc. v. Posta (In re Posta), 866 F.2d 364, 367 (10th Cir. 1989) ("The 'willful' element is straightforward. It simply addresses whether the debtor intentionally performed the basic act complained of.").

To prove malice, the creditor must make a further showing. **The creditor need not prove that the debtor specifically intended to injure the debtor.** [Citation]. **However, the creditor must show the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury to the creditor.** [Citation]. In its leading case on this issue, the Ninth Circuit has stated: "When a wrongful act such as conversion, done intentionally, necessarily produces harm and is without just cause or excuse, it is 'willful or malicious' even absent proof of a specific intent to injure." Cecchini, 780 F.2d at 1443. As set forth in *Cecchini*, "**the act must necessarily cause harm to the creditor, but the creditor need not show that the debtor acted with an intent to harm the creditor.**" [Citations].

(*Britton v. Price*, 950 F.2d 602, 605 (9th Cir. 1991), emphases added, citations omitted.) Easter has never even addressed *Britton* (in either his Opposition or improper Sur-Reply) much less attempted to explain why this authority doesn't apply to the instant case. As discussed in Plaintiff's Reply, it has already been decided (both via stipulation and via the judgment) that Easter's actions were the actual and proximate cause of the injuries suffered by Plaintiffs Bill and Sydnie Peters, and thus foreseeable. (*See* CACI 1600 and supporting authority, e.g., *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050—1051). Easter does not get to re-litigate this issue or renege on his prior stipulation.

## IV. APPEAL DOES NOT PREVENT COLLATERAL ESTOPPEL.

Easter is simply wrong that a state court judgment on appeal is not final for purposes of collateral estoppel in nondischargeability proceedings. Plaintiffs cited over a dozen cases and multiple treatises—none of which are even addressed by Easter. Easter's attempts to distinguish *Robi v Five Platters, Inc.*, 838 F.2d. 318, is without merit. *Robi* has been repeatedly cited by Bankruptcy courts for the proposition that "**[t]he bare act of taking an appeal is no more effective to defeat preclusion than a failure to appeal. The**

established rule in federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal." (*United States v. Towe (In re Towe)*, 147 B.R. 545, 550 (Bankr. D. Mont. 1992) (*citing Robi*, 838 F.2d at 327).) The "finality" requirement for the application of collateral estoppel "does not mean that an appeal of an otherwise final judgment will preclude the application of the doctrine, as long as the other requirements are met." (HON. B. RUSSELL, BANKRUPTCY EVIDENCE MANUAL § 31 (Finality) (2004 ed.) (*citing In re Wilson*, 116 F.3d 87 (3d Cir. 1997); *In re Wood*, 167 B.R. 83 (Bankr. W.D. Tex. 1994); *In re Sokol*, 170 B.R. 556, 560 n.3 (Bankr. S.D.N.Y. 1994), aff'd. 181 B.R. 27 (S.D.N.Y. 1995).) (*See* Plaintiffs' Reply Brief, pp. 9-10.)

    Easter has already admitted to willful and malicious conduct, and there is an enforceable judgment confirming this conduct. The debt is nondischargeable pursuant to §523(a)(6). Plaintiffs respectfully request that the MSJ be granted.

Dated: November 3, 2016                  **MARCEREAU & NAZIF**

                                                  /s/ Robert H. Marcereau
                                                  Robert H. Marcereau
                                                  Attorneys for Plaintiffs

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
26000 Towne Centre Drive, Suite 230, Foothill Ranch, California 92610

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFFS' RESPONSE TO DEFENDANT'S IMPROPER "SUR-REPLY" IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/03/16**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Robert P. Goe: kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
Trustee, Weneta M. Kosmala: ecf.alert+Kosmala@titlexi.com; wkosmala@txitrustee.com; dmf@txitrustee.com; kgeorge@kosmalalaw.com
United States Trustee: ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **11/03/16**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor/Defendant: | Attorney for Debtor/Defendant: | Trustee: |
|---|---|---|
| Kent W. Easter | Robert P. Goe | Weneta M Kosmala |
| 153 Baywood Dr. | Goe & Forsythe, LLP | 3 MacArthur Place, Suite 760 |
| Newport Beach, CA 92660 | 18101 Von Karman, Ste 1200 | Santa Ana, CA 92707 |
| | Irvine, CA 92612 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **11/03/16** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge: Hon. Erithe A. Smith, U.S. Bankruptcy Court Central District, 411 W. Fourth St., Suite 5040 / Ctrm 5A, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/03/2016 | Nicole Lipowski | /s/ Nicole Lipowski |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**